IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 05-440 |
| | : |
| | : |
| v. | : |
| | : |
| ALTON COLES, | : |
| Defendant | : |

**ORDER**

AND NOW,  this _____ day of _____ , 2007, upon motion of Alton Coles to suppress evidence obtained from the interception of wire communications obtained pursuant to a court order dated May 19, 2005 on the grounds that the Affidavit of Special Agent Anthony M. Tropea is facially insufficient because it is internally contradictory and it fails to demonstrate that normal investigative procedures have been tried and have failed, reasonably appear unlikely to succeed, or are too dangerous to employ, it is hereby ORDERED, that evidence obtained pursuant to the Order dated May 19, 2005, and all subsequent wiretap orders is suppressed.

BY THE COURT:

_____
U.S.D. J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 05-440 |
| | : |
| | : |
| v. | : |
| | : |
| ALTON COLES, | : |
| Defendant | : |

## MOTION TO SUPPRESS EVIDENCE OBTAINED FROM THE INTERCEPTION OF WIRE COMMUNICATIONS

**ALTON COLES**, by and through his attorney, submits the following motion to suppress evidence obtained from the interception of wire communications pursuant to a court order dated May 19, 2005, and evidence obtained from subsequent wiretap orders on the grounds that the Affidavit of Special Agent Anthony M. Tropea supporting the application for the order authorizing electronic surveillance fails to demonstrate that normal investigative procedures have been tried and have failed, reasonably appear unlikely to succeed, or are too dangerous to employ.

The facts and legal principles supporting the motion are set forth in the attached memorandum of law, a copy of which is attached hereto and incorporated by reference herewith.

Respectfully submitted,

_____
DENNIS J. COGAN
Attorney for Defendant Alton Coles

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      : CRIMINAL NO. 05-440
:
:
      v.      :
:
ALTON COLES,      :
      Defendant      :

**MEMORANDUM OF LAW SUPPORTING
DEFENDANT COLES' PRETRIAL MOTION
FOR SUPPRESSION OF EVIDENCE OBTAINED FROM THE
INTERCEPTION OF WIRETAP COMMUNICATIONS**

**ALTON COLES**, by and through his attorney, submits the following memorandum in
support of his motion for suppression of evidence obtained from the interception of wiretap
communications after May 19, 2005.

**I. THE FACTS STATED IN TROPEA'S AFFIDAVIT**

The Affidavit of Special Agent Anthony M. Tropea (not dated) indicates law enforcement
successfully used conventional investigatory procedures in the course of the present investigation.

Page 11 of the Affidavit indicates that "CS-1 is an individual who possesses direct, first-hand
knowledge of the COLES cocaine operation, his methods of laundering his cash proceeds, and the
role of TAKE DOWN RECORDS as COLES' 'front' entertainment company."

Page 12 indicates that CS-1, who has no criminal record, but who has first hand knowledge,
can provide a jury with first hand knowledge how Coles distributes cocaine, and launders the
proceeds. Page 12 indicates CS-1 personally observed Coles in possession of "bricks" or kilograms
of cocaine. Page 12 indicates that CS-1 can identify the people who operate Coles' front businesses.

2

Page 13 indicates Agent Tropea has been able to corroborate the information provided by CS-1.

Page 22 of indicates CS-2, a registered ATF informant, has been providing task force members with first-hand, reliable information relating to Coles and his co-conspirators since August 2004.

Page 24 indicates that Agent Tropea has been able to corroborate the information provided by CS-2 through an assortment of conventional investigatory techniques including "mobile and fixed surveillance, consensual telephone recordings, and controlled purchases of crack cocaine."

Page 28 indicates that CS-4 has provided first hand, reliable information about the "drug relationship" between Alton Coles and Charleton Custis.

Page 29 indicates that Agent Tropea has been able to corroborate the information supplied by CS-4 through analysis of the pen registers. Page 31 indicates the information supplied by CS-4 has been corroborated by conventional investigatory techniques including mobile and fixed surveillance, and controlled drug purchases.

Page 50, paragraph 67 reads, in pertinent part, as follows: "The significant arrests, stops, seizures and controlled purchases of crack cocaine that have been occurring since 2002 involving the individuals named  above have, in essence, formed a series of "snapshots" of the criminal organization headed by COLES. These continuous events have yielded substantial evidence, not only of COLES' involvement as an organizer and source of cocaine, but of the entire underlying conspiracy as well."

## II. THE FACTS STATED IN MICHAEL RICKO'S AFFIDAVIT

The Affidavit of Special Agent Michael T. Ricko, dated June 20, 2005, though it was

obviously not the basis for the wiretap order dated May 19, 2005, is confirmation that law enforcement personnel successfully used conventional investigatory procedures and that a wiretap was unnecessary.

Page 11 of the Affidavit indicates that in addition to CS-1, CS-2, CS-3, and CS-4, the government mined information from CS-5, yet another informant with first hand knowledge of Mr. Coles and the drug conspiracy under investigation. According to the affidavit, the information provided by CS-5 was consistent with the information provided by CS-1. [Affidavit at page 10, paragraph 19]. Furthermore, the information provided by CS-5 was corroborated by the Agent. [Affidavit at page 11, paragraph 20].

According to the Affidavit, CS-1, CS-2, CS-4 and CS-5 have first hand knowledge of the most intimate details of the various operations of Mr. Coles. According to the Affidavit, the information provided by CS-1, CS-2, CS-4 and CS-5 has been corroborated.

### III. THE REQUIREMENT THAT THE APPLICATION FOR INTERCEPTION OF WIRE COMMUNICATIONS DEMONSTRATE NECESSITY

As the Supreme Court has warned, "Few threats to liberty exist which are greater than that posed by the use of eavesdropping devices." *Berger v. United States*, 388 U.S. 41, 63, 87 S.Ct. 1873, 1885 (1967). Because of the grave threat to privacy and liberty, wiretaps are not available to law enforcement simply as a convenient and useful tool in their investigations. Instead, wiretaps remain a drastic, extraordinary investigatory measure that may be utilized only when other conventional methods of investigation have failed or are unlikely to succeed if tried.

18 U.S.C. 2518(1)(c) requires that all applications for electronic surveillance include the following:

a full and complete statement as to whether or not other investigatory procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or be too dangerous.

18 U.S.C. 2518(3)(c) requires that all orders authorizing electronic surveillance include a judicial determination, on the basis of facts submitted by the applicant that:

normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or be too dangerous.

By these and other requirements Congress intended to ensure that electronic surveillance is not "resorted to in situations where traditional investigative techniques would suffice to expose the crime." *United States v. Kahn*, 415 U.S. 143, 153 note 12, 94 S.Ct. 977, 983 note 12 (1974). To prevent electronic surveillance from being "routinely employed in the initial step of a criminal investigation," Congress enacted Section 2518 "to make doubly sure that the statutory authority be used with restraint." *United States v. Giordano*, 416 U.S. 505, 515, 94 S.Ct. 1820, 40 L.Ed.2d 341 (1974).

Consequently, the fact that a wiretap will, in many cases, be an enormously advantageous tool does not permit the government to substitute a wiretap for less intrusive investigative procedures. As the Court of Appeals for the Second Circuit observed in *United States v. Lilla*, 699 F2d 99, 105, note 7 (2d Cir. 1983):

Without question, it would be in some sense more efficient to wiretap whenever a telephone was used to facilitate the commission of a crime. But the statutory requirement that other investigative procedures be exhausted before wiretapping reflects a congressional judgment that the cost of such efficiency in terms of privacy interests is too high.

To satisfy the requirement and prevent wiretapping from becoming established "as a routine investigative recourse of law enforcement authorities, contrary to the restrictive intent of Congress,

5

the government must eschew 'boiler plate' and particularize the need for wiretapping. ***United States***

***v. Vento***, 533 F2d 838, 849-50 (3d Cir. 1976).

The government may not, therefore, circumvent this requirement by relying on the general

nature of the criminal activities under investigation. Labeling the case a drug conspiracy, for

example, will not suffice:

> We must be careful not to permit the government merely to characterize a case as a
> "drug conspiracy" or a "fencing conspiracy" that is therefore inherently difficult to
> investigate. The affidavit must show with specificity why in **this particular**
> **investigation** ordinary means of investigation will fail. (citations omitted).

***United States v. Robinson***, 698 F2d 448, 453 (DC Cir. 1983)[original emphasis], ***United***

***States v. Abascal***, 564 F2d 821, 826 (9th Cir. 1977)[government must do more than merely

characterize case as "gambling conspiracy," or other kind of case that is generally "tough to crack."]

Moreover, Section 2518(1)(c) and 2518(3)(c) must be satisfied as to each separate wiretap,

even those sought in a common investigation. ***United States v. Carneiro***, 861 F2d 1171, 1176 (9th

Cir. 1988). Facts demonstrating necessity with respect to one wiretap will not necessarily support

a finding of necessity with respect to the wiretaps of alleged co-conspirators. Id. at 1177, ***United***

***States v. Santora***, 600 F2d 1317, 1321-22 (9th Cir. 1979), ***United States v. Abascal***, 564 F2d at 826.

As the Ninth Circuit Court of Appeals explained in ***Abascal,***

> It is not enough that the agents believe the telephone subscribers they wish to tap are
> all part of one conspiracy. Less intrusive investigative procedures may succeed with
> one putative participant while they may not succeed with another. Id. at 826.

## IV. SUPPRESSION AS THE REMEDY FOR FAILURE TO SATISFY THE NECESSITY REQUIREMENT

Wiretap evidence obtained in violation of the Act may not be used at a criminal trial or in

certain other proceedings. 18 U.S.C. 2515. Title III provides that three types of statutory violations warrant suppression. Such violations occur when: (1) "the communication was unlawfully intercepted"; (2) the application or approval order "under which it was intercepted is insufficient on its face"; (3) "the interception was not made in conformity with the order of authorization or approval." 18 U.S.C. 2518(10)(a). *United States vs. Staffeldt*, 451 F3d 578, 580 (9th Cir. 2006).

Agent Tropea's Affidavit is internally contradictory and in any event insufficient on its face.

Agent Tropea's Affidavit, paragraph 72 reads, in pertinent part, as follows: "affiant's belief that the interception of wire communications over this line is the only available technique that has a reasonable chance of securing evidence necessary to establish COLES' involvement in the sale and distribution of cocaine and crack cocaine."

These boilerplate conclusions do not square with the facts recounted in Agent Tropea's Affidavit indicating that CS-1, CS-2 and CS-4 have first hand knowledge of the most intimate details of the various operations of Mr. Coles, and further indicating that Agent Tropea has confirmed the information provided by CS-1, CS-2 and CS-4.

Curiously, Agent Ricko's Affidavit, Paragraph 44, reads, in pertinent part, as follows: "the interception of wire communications over the subject telephone is the only available technique that has a reasonable chance of securing evidence necessary to establish COLES' involvement in the sale and distribution of cocaine and crack cocaine."

These boilerplate conclusions do not square with the facts asserted in Agent Ricko's Affidavit indicating Mr. Coles alleged drug organization has been thoroughly infiltrated by confidential informants with first hand knowledge.

The very substantial evidence that the government alleges it developed using conventional

7

investigatory methods belies the conclusion that the wiretap order was necessary.

## V. CONCLUSION

The evidence obtained from the wiretap order dated May 19, 2005 and the fruits thereof should be suppressed because Agent Tropea's Affidavit fails to demonstrate the wiretap was necessary. Agent Ricko's Affidavit is confirmation that conventional investigatory techniques were successful, and the wiretap was not necessary.

Respectfully submitted,

 

_____
DENNIS J. COGAN
Attorney for Defendant Alton Coles

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Defendant Coles' Pretrial Motion for Suppression of Evidence Obtained From the Interception of Wiretap Communications, and accompanying Memorandum of Law, was electronically filed with the Clerk of the United States District Court for the Eastern District of Pennsylvania and is available for viewing and downloading by the following:

> Richard Lloret, Esquire
> Assistant U.S. Attorney
> 615 Chestnut Street
> Suite 1250
> Philadelphia, PA 19106

---

DENNIS J. COGAN
2000 Market Street, Suite 2925
Philadelphia, Pa. 19103
215-545-2400
Attorney for Defendant Alton Coles

DATE: February 28, 2007

9