**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | | : |
| **v.** | | : **CRIMINAL NO. 05-440 (01, 08, 12, 13, 18, 22)** |
| **ALTON COLES** | **(01)** | : |
| **TIMOTHY BAUKMAN** | **(08)** | |
| **MONIQUE PULLINS** | **(12)** | : |
| **JAMES MORRIS** | **(13)** | |
| **ASYA M. RICHARDSON** | **(18)** | : |
| **THAIS Y. THOMPSON** | **(22)** | |

**PROTECTIVE ORDER**
**CONCERNING DISCLOSURE OF JENCKS ACT MATERIAL**

AND NOW, this        day of January, 2008, upon the motion of the United States for a

temporary protective order restricting the dissemination of material provided under the Jencks

Act, 18 U.S.C. §§ 3500-3511 and under its obligations under Giglio v. United States, 405 U.S.

150 (1972), the Court has considered the papers filed by the United States.  The Court has

weighed the need of the defendant to review trial-related material with the government's interest

in preserving the safety of its witnesses.  The Court finds that the following temporary restriction

does not unduly impair the defendant's ability to assist counsel in preparing for trial and makes a

reasonable accommodation for the safety of the government's witnesses in the face of a

significant risk to their safety.  The court also finds it appropriate to adopt this temporary

restriction as a means of putting Jencks Act material into the hands of counsel for defendants

before the witnesses actually testify, which is likely to result in a more expeditious trial of this

matter.  This temporary restriction will also permit counsel for the defense to evaluate whether

such restrictions should be made permanent with the documents in hand, rather than in the

abstract.  The court will consider whether to impose these restrictions as a permanent matter after

hearing the arguments of all counsel during a pre-trial conference now set for January 9, 2008.

The government's motion for a temporary order restricting the dissemination is GRANTED. It is hereby

ORDERED

that counsel for defendants Alton Coles, Timothy Baukman, James Morris, Asya Richardson, Monique Pullins and Thais Thompson shall not provide copies of the following material to their clients or to any other person, shall not provide any writing to their clients or to any other person which discloses the substance of that material, and shall not allow the defendants or any other person to copy and keep this material: transcripts of grand jury testimony of non-agent government witnesses; summaries of statements of identified non-agent government witnesses; plea agreements of government witnesses; affidavits, letters and other documents from the government disclosing information about non-agent government witnesses; documents identifying government witnesses; the government's motion seeking this order. This order does not prohibit counsel from showing these materials to the defendants and discussing these materials at meetings with the defendants or from reading from or discussing these materials in telephone conversations with the defendants.

BY THE COURT:

HONORABLE R. BARCLAY SURRICK
*Judge, United States District Court*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 05-440 (01, 08, 12, 13, 18, 22) |

| | | | |
|---|---|---|---|
| ALTON COLES | (01) | : | |
| TIMOTHY BAUKMAN | (08) | | |
| MONIQUE PULLINS | (12) | : | |
| JAMES MORRIS | (13) | | |
| ASYA M. RICHARDSON | (18) | : | |
| THAIS Y. THOMPSON | (22) | | |

**UNITED STATES' MOTION FOR PROTECTIVE ORDER
CONCERNING DISCLOSURE OF JENCKS ACT MATERIAL**

This matter is scheduled to begin trial on January 14, 2008.  In anticipation of that trial date, the government wishes to provide Jencks Act and impeachment material to all trial counsel, via overnight delivery sent January 7, 2008.

The United States moves for a temporary protective order to limit the dissemination of the written documents which the government has disclosed to the defendants in anticipation of the start of the trial of this matter.  These materials relate to the government's trial witnesses, as well as to persons who testified before the grand jury but may not appear as trial witnesses.  The government seeks an order prohibiting defense counsel from leaving any copies of this material in the possession of the defendants, three of whom are currently incarcerated at the Federal Detention Center (FDC) in Philadelphia (Alton Coles, James Morris and Timothy Baukman), and three of whom are on bail (Monique Pullins, Asya Richardson and Thais Thompson).  As explained below, the government seeks this order out of a concern that allowing the defendants to possess copies of this material within the FDC would endanger the safety of the government's

witnesses, both in and out of federal custody, and witnesses who are not in custody.

The government wishes to statements of its witnesses which are covered by the requirements of the Jencks Act and Rule 26.2 to defense counsel, as a courtesy (the Jencks Act does not require that such statements be provided until the witness has testified). It also wishes to provide material which qualifies as disclosable under the rule of Giglio v. United States, 405 U.S. 150 (1972) (concerning constitutional obligation to disclose impeachment material). Because of the history of threats to witnesses in this case, documented previously, the government is concerned that, should these documents be given to the defendants, they can easily be duplicated and disseminated for the purpose of intimidating or influencing witnesses during the next several months. Such dissemination and confrontation has, sadly, become a commonplace in the "stop-snitching" environment we are confronted with.

The materials which the government has disclosed concerning a number of government witnesses consist of Jencks Act material, witness interview summaries which are not technically Jencks Act material but which the government nonetheless disclosed, statements taken from witnesses, plea agreements and criminal histories. These materials fully and completely disclose the information obtained from a number of government witnesses.

The government believes that the dissemination of these material within FDC Philadelphia, or outside the prison, among friends and acquaintances of the defendants, will place the witnesses at significant risk of harm. With regard to the incarcerated witnesses, the government believes a security risk exists because it is well documented that cooperators are disliked by prisoners, and there is some risk to any cooperator who is imprisoned. But the risk would be considerably heightened here by several factors if the disclosed materials were left with the defendants in the FDC. First, the cooperation of the government's witnesses is not

hypothetical or speculative as it may be for many inmates presently housed at the FDC.  The

disclosed material explicitly describes several witnesses' cooperation and sets out their own

words incriminating the defendants.   Second, the defendants have a substantial motive to incite

threats, intimidation or violence against the cooperating witnesses.  These defendants are facing

substantial incarceration if they are convicted at trial: minimum mandatory sentences life

imprisonment. Third, these defendants have been in custody in this district at the FDC for a

number of months.  This has given them time to establish contacts within the FDC which they

might use in an effort to have other inmates harass, threaten, or intimidate a prisoner witness,

even if housed in a separate unit.  Fourth, these witnesses have a number of co-conspirator

contacts outside of the FDC who can be used to intimidate and harass witnesses.

The risk for witnesses who are not housed in the FDC is slightly different, but little

less.  Witness intimidation is generally a serious problem in Philadelphia.  The government seeks

to limit the opportunities for these defendants to engage in such intimidation during the number

of months which will now elapse before the trial of this matter, or to have others engage in such

intimidation on their behalf.

In providing the Jencks Act material, the government redacted certain identifying

information, including home addresses and other identifiers, as a way to minimize the security

risk to all of these witnesses.  The government seeks to prevent the defendants from having this

written document as well, as it contains the names of each witness, which they could use to seek

to intimidate such witnesses, or have others do so.

The government believes that there is a significant risk that if defense counsel

provides the defendants or any other persons with copies of the witness materials in this case that

the materials will be circulated within the FDC.  The government is aware of instances in the past

in other cases in which material provided by the government to counsel, and by counsel to an incarcerated defendant, has been widely shown to other inmates at the place of incarceration. This is a significant risk – whether done with or without the consent of the defendants – and poses the substantial risks described above.  In addition, the non-detained defendants (Ms. Pullins, Ms. Richardson and Ms. Thompson) have significant relationships with the detained defendants, which makes it imperative that the restrictions apply to them, as well, so that the government can ensure that documents about witnesses are not copied and disseminated.

For these reasons the government believes that these sensitive  materials should not be allowed to reside or circulate within the FDC, or be provided to any party outside the FDC who could copy and circulate such documents.  By keeping these materials out of the FDC and out of the hands of non-detained defendants, there will be no risk that other inmates will have possession of the actual transcripts and interview summaries in which witnesses cooperated and incriminated the defendants.  There will also be reduced risk that the names of the witnesses will be used for intimidation.

This will not adversely affect the defendants in their legitimate preparation for trial. First, the government proposes no limit to the defendants' access to these documents in the presence of their counsel.  The defendants may extensively review  and discuss every document the government provides, providing that they do so in the presence of counsel.  Counsel may spend as much time as they need with their clients with these documents.  We propose no limitation on the defendants' use of these documents in the presence of counsel.  Counsel must, however, take such documents with them when they leave the FDC.  Second, these documents are not for investigative purposes but for cross-examination.  Their primary value is in court during the government witnesses' testimony, and in the defendants' cross examination of those

witnesses.  Finally, the defendants will be able to discuss these documents with counsel both in

person and over the phone.  There is no limitation on the telephonic disclosure of the information

from these documents to the defendants, as long as such telephonic disclosure occurs with

counsel.  Should the government learn of defendants attempting to advise others outside the

prison to intimidate witnesses, the government would immediately advise the Court of such

activity and seek to take further protective action.  The only limitation the government currently

seeks is on the physical possession of these documents and its information by the defendants and

by any other persons who are not lawyers for the defendants.

The Court is empowered to enter a protective order for the protection of witnesses

before it.  The All Writs Act, 28 U.S.C. § 1651(a) empowers a federal district court to issue "all

writs necessary or appropriate in aid of [its . . . ] jurisdiction[]."  28 U.S.C. § 1651(a).  The

government has not located a case in which a court has written about this specific request, but

there are decisions that show the issuance of protective orders and in which no question of the

power of a court to grant such orders is raised.  E.g. United States v. Nicolapolous, 30 F.3d 381,

383 (2d Cir. 1994) (not questioning the power of the district court to prohibit lawyers from

sharing certain Jencks Act materials with their clients, and finding no prejudice to defendants

from the order; government raised concerns about safety of individuals if disclosed); United

States v. Pichay, 988 F.2d 125 (9th Cir. 1993) (unpublished – text available on Westlaw)

(affirming a district court's protective order preventing disclosure of documents as not Jencks

Act material); United States v. Truong Dinh Hung, 667 F.2d 1105 (9th Cir. 1981) (permissible

for district court to issue protective order requiring defense counsel not to disclose information to

clients which was being litigated as to whether it was Jencks Act material);  United States v.

Hakim, 1989 WL 12029 (D.D.C. January 25, 1989) (Gesell, J.) (protective order issued ordering

Jencks Act material disclosed for a limited purpose and not to be disseminated).

For these reasons the government seeks an order prohibiting counsel for all defendants from providing physical copies of all of the materials covered by the Jencks Act, and impeachment materials related to government witnesses, to the defendants, or providing their substance in writing, including:  grand jury testimony of non-agent government witnesses; summaries of interviews with non-agent government witnesses; plea agreements with government witnesses; affidavits, letters and other documents providing information about non-agent government witnesses; documents identifying witnesses; criminal histories; and this motion.  Counsel may not permit the defendants to copy this information and keep that copy, for this would frustrate the order.  Such order shall not preclude defense counsel or a member of his staff from reviewing such materials with the defendants either in person or by telephone.[1]

---

[1]  The government does not believe that an order simply requiring the defendants not to allow anyone else to read these materials would be effective.  The defendants have a strong incentive to disseminate the documents, and it would be nearly impossible to monitor their actions, and therefore to detect any such sharing of the material.

The government seeks imposition of a temporary restriction this date, January 7, 2008, and consideration by the court of entering the restriction permanently on January 9, 2008 at the pre-trial conference presently scheduled.  Entry of a temporary order today will permit defense counsel to have the material in hand when responding to the issue whether these restrictions should be made permanent, and will therefore enhance the efficacy of a hearing on the matter.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

_____
RICHARD A. LLORET
MICHAEL J. BRESNICK
Assistant United States Attorneys

Dated: January 7, 2008

## CERTIFICATE OF SERVICE

I certify that caused to be served by facsimile the foregoing Motion and proposed Order on counsel appearing below, on the date indicated:

Christopher D. Warren
1500 Walnut Avenue
Suite 1500
Philadelphia, PA 19102
Ph: (215) 546-3750
Fax: (215) 546-8779
email: Christopherduffwarren@hotmail.com
        Counsel for Alton Coles (1)

Jack McMahon
1500 Walnut Street
Suite 900
Philadelphia, PA 19102
Fax: (215) 985-4416
Phone: (215) 985-4443
Email: mcmahonlaw.@hotmail.com
        Counsel for Timothy Baukman (8)

Laurence Harmelin
300 N. Pottstown Pike
Suite 210
Exton, PA 19341
Tel: (610) 696 2226
Fax: (610) 696-2226
        Counsel for Monique Pullins (12)

Ronald B. Thompson, Esq.
3002 Lincoln Drive, Suite J
Marlton, NJ 08053
Phone: (856) 797-5785
Fax: (856) 797-5786
Fax: (856) 597-4200
Email: ronaldbthompson@lawyer.com
        Co-Counsel for James Morris (13)

Wayne Powell, Esq.
811 Church Road
101 Tarragon Building
Cherry Hill, NJ 08002
Phone: (856) 488-0004
Fax: (856) 486-7244
        Co-Counsel for James Morris (13)

Ronald A. Smith
1617 JFK Blvd.
Suite 1240
Philadelphia, PA 19103
Tel: (215) 567-1200
Email: ronaldasmithesq@aol.com
        Counsel for Asya Richardson (18)

Paul J. Hetznecker, Esq.
Hetznecker & Meehan
1420 Walnut Street, Suite 911
Philadelphia, PA 19102
Phone: 215-893-9640
Fax: 215-893-0255
        Counsel for Thais Y. Thompson (22)

RICHARD A. LLORET
Assistant United States Attorney
January 7, 2008