IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                  :

UNITED STATES           :

                             :

v.                     :        DOCKET NO. 05-440-1

                             :

ALTON COLES, ET. AL.    :
_____:

ORDER

AND NOW this _____ day of _____, 2008, upon consideration of Defendant's Motion in Limine, and the government's response thereto, it is hereby ORDERED that said motion is GRANTED and that the government is precluded from making any reference to or eliciting any testimony at trial concerning the shooting of Tariq Hall in the Fall of 2004.

BY THE COURT:

_____
                                          J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

—————————————————————  :
                                            :
UNITED STATES                 :
                                            :
v.                                   :        DOCKET NO. 05-440-1
                                            :
ALTON COLES, ET. AL.         :
—————————————————————  :

<u>DEFENDANT'S MOTION IN LIMINE</u>

Defendant Alton Coles, by and through his undersigned counsel, hereby moves the Court

to enter an order barring the government from making any reference to or eliciting any testimony

concerning the shooting of Tariq Hall in the Fall of 2004. In support thereof, movant avers as

follows:

1.       On January 22, 2008, the government produced so-called Jencks materials for one

of its cooperating witnesses. Included within the items produced was the grand jury testimony of

the cooperating witness which was elicited on November 15, 2006.

2.       During the course of his testimony, the cooperating witness recounted an incident

which took place in the Fall of 2004 in which Alton Coles and other alleged co-conspirators were

involved in an armed confrontation with what the government claims was a rival drug group that

was headed by Rasheed Calhoun.

3.       According to the cooperating witness' grand jury testimony, the confrontation that

eventually resulted in the exchange of gunfire was prompted by an incident in which Calhoun

physically assaulted Mr. Coles' female cousin. The cousin was the mother of two children by

Calhoun and there is nothing in the cooperating witness' grand jury testimony which suggests that the physical assault by Calhoun was anything other than a domestic dispute between himself and Mr. Coles' cousin.  See Grand Jury Testimony of Cooperating Witness dated November 15, 2006 at page 12 ("Q.  And he [Mr. Coles] was going to confront Rasheed because Rasheed had hit Ace's cousin?  A.  Yes.  Q.  And Ace's cousin is the mother of Rasheed's baby?  A.  Yes, his kids").

4.     Based upon this testimony, it does not appear that the confrontation between Mr. Coles and Calhoun which resulted in the exchange of gunfire in the Fall of 2004 had anything to do with the distribution of narcotics and as such is not relevant to the charges alleged in the indictment.  Instead, it appears that the government is attempting to offer this evidence to show that Mr. Coles and his alleged co-conspirators had a propensity for violence which is forbidden by Fed.R.Evid. 404(a).  Further, to the extent that the proposed evidence is somehow relevant to the charges as proof of association by the alleged members of the conspiracy, its probative value is substantially outweighed by the danger of unfair prejudice and hence it is inadmissible under Fed.R.Evid. 403.

5.     Alternatively, the testimony of the cooperating witness indicates that after the gunfire ceased, Mr. Coles supposedly walked over to the area in which one of the members of Calhoun's group, Tariq Hall, had been shot and stated "make sure he's dead."  This is highly inflammatory evidence and, again, appears to be designed to demonstrate that Mr. Coles has a propensity for violence.  It is therefore inadmissible under Fed.R.Evid. 404(a) because it is only probative of a character trait or, to the extent it is somehow relevant to an issue in the case other than violent propensity, its probative value is substantially outweighed by the danger of unfair prejudice.

WHEREFORE, defendant Alton Coles requests the Court to grant this motion and enter an order precluding the government from making any reference to or eliciting any testimony concerning the shooting of Tariq Hall in the Fall of 2004.

Respectfully submitted,

Date:  1/28/08

CDW1373

Christopher D. Warren
1500 Walnut Street
Suite 1500
Philadelphia, PA 19102
(215) 546-3750

3

<u>CERTIFICATE OF SERVICE</u>

I, Christopher D. Warren, hereby certify that on this 28th day of January, 2008, I caused a true and correct copy of the foregoing Defendant's Motion <u>in</u> <u>Limine</u> to be served upon the following person by electronic mail:

Richard A. Lloret, AUSA
United States Attorney's Office
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

<u>CDW1373</u>
Christopher D. Warren