IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NUMBER |
| v. | : | |
| | : | 05-440-11 |
| TERRY WALKER | : | |

**SURRICK, J.** **JULY 18, 2008**

**MEMORANDUM & ORDER**

Presently before the Court is Defendant Terry Walker's Motion in Limine to Exclude Expert Testimony by Agent Ken Bellis, (Doc. No. 871). For the following reasons, Defendant's Motion will be denied.

## I. BACKGROUND

On February 21, 2007, the grand jury returned a 194-Count Fifth Superseding Indictment ("Indictment") charging Alton Coles and twenty-one co-defendants, including Terry Walker, with offenses related to their participation in a wide-ranging drug conspiracy.[1] The Indictment specifically charged Walker with conspiracy to distribute narcotics in violation of 21 U.S.C. § 846 (Count 1); distribution and possession with intent to distribute narcotics in violation of 21 U.S.C. § 841(a)(1) (Counts 57, 157, 178); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 179).

Six of the twenty-two defendants were tried in the first phase of the case in a trial which ran from January 17 to March 5, 2008. Walker and three co-defendants, Hakiem Johnson, Jamar Campbell, and Adrian McKenzie, are scheduled to be tried in the second phase of the case. That

[1] Not all defendants were charged in all counts in the Indictment.

trial is presently scheduled to begin on August 11, 2008.

## II. DISCUSSION

Defendant Walker objects to the expert testimony of Agent Ken Bellis. Specifically he objects to Agent Bellis's testimony concerning the search at 2636 Daphne Road and the items seized during that search. Defendant argues that Agent Bellis's testimony is irrelevant because it is not beyond the "ken of the average juror to understand" that a house filled with drugs and drug paraphernalia is a being used in the trafficking and distribution of illegal drugs. (Hr'g Tr. 37, Jun. 24, 2008.) Defendant argues that Bellis's proposed testimony that in his experience those who have access to a house used in a drug distribution operation are usually involved in the drug operation goes beyond that scope of Federal Rule of Evidence 704(b).[2] (Hr'g Tr. 38.) Defendant contends that Agent Bellis's opinions are not based upon empirical data or a reputable body of information or knowledge. Rather, his opinions are simply his own conclusions based upon no discernable methodology. Defendant argues that under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Company Co. v. Carmichael*, 526 U.S. 137 (1999), this Court, as gatekeeper, should exclude this testimony. (Hr'g Tr. 38, 42; Doc. No. 871 ¶ 8.) Finally, Defendant claims he has not been provided with sufficient notice that the Government intends to call an expert and that the proposed testimony violates Federal Rule of Evidence 403 as it will be more prejudicial than probative. (Doc. No. 871 at unnumbered 10-11.)

Federal Rule of Evidence 702, which governs expert testimony, states:

---

[2] Defendant Walker is joined by Defendant Johnson in the Rule 704(b) objection to the testimony that anyone with access to a house involved in a drug operation is likely to be a part of the drug operation. (Hr'g Tr. 50.)

> If . . . specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert . . . may testify thereto . . . if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. "Under Rule 702, a witness may offer an expert opinion if he or she is 'qualified as an expert by knowledge, skill, experience, training, or education.'" *United States v. Watson*, 260 F.3d 301, 306-07 (3d Cir. 2001) (quoting Fed. R. Evid. 702; *In re Paoli R.R. Yard PCB Litig*., 35 F.3d 717, 741-46 (3d Cir. 1994)). In addition to qualifying the expert, determining the admissibility of his testimony "requires the trial judge to assess the relevance and reliability of the expert's testimony. The relevance requirement mandates a 'fit' between testimony and the issue to be resolved by trial, while the reliability requirement contends with the methodology and principles underlying the testimony." *United States v. Patterson* , 175 Fed. Appx. 513, 518 (3d Cir. 2006).

Defendant's objection to the testimony of Agent Bellis lacks legal support. The Government has provided Defendants with a curriculum vitae which sets forth Bellis's extensive experience in the area of illegal narcotics trafficking. The Government has advised that Agent Bellis's testimony will rely upon his twenty plus years of experience in the field investigating narcotics sales and trafficking as well as his education and training in this area. (Hr'g Tr. 47.) It cannot reasonably be argued that Bellis lacks the qualifications to testify as an expert in the field of illegal narcotics investigations. Moreover, Bellis's testimony is relevant. It discusses materials seized during searches and the behaviors of drug dealers both of which are central to the issues to be resolved in this case.

Defendant cites *Daubert* and *Kumho* in support of the proposition that Agent Bellis's

testimony lacks reliability. (Hr'g Tr. 42.) Defendant fails to recognize the substantial body of law that has developed since *Daubert* and *Kumho,* which has "recognized the operations of narcotics dealers as a proper field of expertise." *Watson*, 260 F.3d at 307. *See also United States v. Perez*, 280 F.3d 318, 341 (3d Cir. 2002) (holding that expert testimony regarding the *modus operandi* of drug trafficking is admissible and citing cases from other circuits reaching the same conclusion, including, *inter alia*, *United States v. Gil*, 58 F.3d 1414, 1421-22 (9th Cir. 1995); *United States v. Tapia-Ortiz*, 23 F.3d 738, 741 (2d Cir. 1994); *United States v. Gastiaburo*, 16 F.3d 582, 589 (4th Cir. 1994); *United States v. Solis*, 923 F.2d 548, 549-51 (7th Cir. 1991)). The Third Circuit has clearly stated that "experienced narcotics agents may testify about the significance of certain conduct[s] or methods of operations to the drug distribution business." *Watson*, 260 F.3d at 307 (internal citations omitted). "The operations of narcotics dealers have repeatedly been found to be a suitable topic for expert testimony because they are not within the common knowledge of the average juror." *Watson*, 260 F.3d at 307 (citing *United States v. Theodoropoulos*, 866 F.2d 587, 590-92 (3d Cir. 1989), *overruled on other grounds*)). In this case, Agent Bellis will testify as an experienced narcotics investigator regarding the operations of a large scale drug distribution business. The Third Circuit has approved exactly this kind of expert testimony.

Defendant Walker, joined by Defendant Johnson, also raises a Federal Rule of Evidence 704(b) objection to Agent Bellis's testimony. Under Rule 704(b):

> No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.

Fed. R. Evid. 704(b). The Third Circuit has held: "Expert testimony concerning the modus operandi of individuals involved in drug trafficking does not violate Rule 704(b)." *Watson*, 260 F.3d at 308. The Government has advised that it intends to have Agent Bellis testify regarding the behavior of drug dealers and their methods of operation. He will not be asked to opine on a defendant's mental state or the ultimate issues which the jury will have to decide. (Hr'g Tr. 45-49). The testimony offered by the Government does not violate Rule 704(b).

Defendant argues that the Government provided him with insufficient notice of their intent to call an expert. (Hr'g Tr. 42-43.) The Government disclosed their intent to call Agent Bellis in their Trial Memorandum, (Doc. No. 846), filed on May 22, 2008. Federal Rule of Criminal Procedure 16 requires that notice of intent to use an expert must be disclosed in time to permit the Government to provide, when requested, "the defendant [with] a written summary of any testimony that the government intends to use under Rule[] 702 . . . ." Fed. R. Crim. P. 16 (a)(1)(G). The Government provided defense counsel with a summary of Agent Bellis's testimony on June 22, 2008.

Defendant cites *United States v. Dowling*, 855 F.2d 114, 118 (3d Cir. 1998), in support of the proposition that the Government's notice is untimely. *Dowling* does not support Defendant's argument. In *Dowling*, the District Court excluded the proposed defense expert testimony because defense counsel called him only five days before the start of trial, and also because the District Court found he did not meet the requirements established in Federal Rule of Evidence 702. *Dowling*, 855 F.2d at 118. In this case, it is apparent that Agent Bellis qualifies as an expert under Rule 702. In addition, the defense will have almost two months from the date of disclosure to the start of trial to procure an expert to respond to Agent Bellis.

Finally, Defendant argues that the proposed expert testimony will be more prejudicial than probative in violation of Federal Rule of Evidence 403. We disagree. As discussed above, the Third Circuit has permitted this type of testimony in drug cases on a number of occasions. *See Perez*, 280 F.3d at 341; *Watson*, 260 F.3d at 307. The testimony is clearly probative. Moreover, we conclude that the danger of unfair prejudice does not outweigh its probative value.

For these reasons, Defendant Walker's Motion will be denied.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NUMBER |
| v. | : | |
| | : | 05-440-11 |
| TERRY WALKER | : | |

**ORDER**

AND NOW, this 18th day of July, 2008, upon consideration of Defendant Terry Walker's Motion In Limine to Exclude Expert Testimony by Agent Ken Bellis, (Doc. No. 871), and after hearing in open court, it is ORDERED that the Motion is DENIED.

IT IS SO ORDERED.

BY THE COURT:

________________________
R. Barclay Surrick, Judge