**TRIGIANI & ENGLE, LLP**
**BY: MICHAEL J. ENGLE, ESQUIRE**
**ID NO. 85576**
**123 SOUTH BROAD STREET**
**SUITE 1812**
**PHILADELPHIA, PA 19109**
**(215) 985-4275**

**ATTORNEY FOR DEFENDANT**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **vs.** | : | **CRIMINAL NO. 05-440-11** |
| | : | |
| **TERRY WALKER** | : | |

**O R D E R**

**AND NOW**, to wit this day of , 2008, it is hereby ORDERED that Defendant's Motion to Suppress Physical Evidence *Nunc Pro Tunc* is **Granted** and the Government is precluded from introducing at trial any evidence/testimony relating to the illegal arrest/detention of the Defendant as well as any physical evidence seized from the Defendant's person or his vehicle on April 14, 2004.

BY THE COURT:

______________________________
HONORABLE LEGROME D. DAVIS
United States District Court Judge

**TRIGIANI & ENGLE, LLP**
**BY: MICHAEL J. ENGLE, ESQUIRE**
**ID NO. 85576**
**123 SOUTH BROAD STREET**
**SUITE 1812**
**PHILADELPHIA, PA 19109**
**(215) 985-4275**

**ATTORNEY FOR DEFENDANT**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **vs.** | : | **CRIMINAL NO. 05-440-11** |
| | : | |
| **TERRY WALKER** | : | |

**DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE, *NUNC PRO TUNC***

**TO THE HONORABLE, THE JUDGE OF THE SAID COURT:**

The Motion of TERRY WALKER, by and through his counsel, MICHAEL J. ENGLE, ESQUIRE respectfully represents the following:

1. On or about April 14, 2002, members of the Philadelphia Police Department encountered the Defendant Terry Walker outside of 2636 Daphne Road in Philadelphia, PA.

2. On the aforementioned date, members of the Philadelphia Police Department were investigating a homicide that was allegedly committed by a Randall Austin who resided at 2636 Daphne Road.

3. Upon seeing the Defendant exit the premises at 2636 Daphne Road, Philadelphia Police Detective McDermott stopped the

Defendant, frisked him, cuffed his hands behind his back, and then placed Terry Walker inside an unmarked police car.

4. The Defendant had no weapons or contraband on his person, and none were located in a vehicle that the Defendant had been driving on that day.

5. At some point during this detention, police allegedly took a set of keys from the Defendant's person and used those keys to gain access to the front door and first floor apartment unit door at 2636 Daphne Road.

6. The police seized the person of the Defendant without probable cause to arrest or a reasonable suspicion to believe that criminal activity was afoot.

7. The police then illegally searched the Defendant's person without probable cause or reasonable suspicion and incident to an illegal arrest/detention.

8. The police searched the person of the Defendant without reasonable suspicion to believe that Terry Walker was armed and dangerous.

9. The search of Terry Walker's was performed in violation of the Defendant's Fourth Amendment rights.

10. The physical evidence seized from the Defendant, specifically a set of keys used to gain access to the property at 2636 Daphne Road, constitutes the fruit of an illegal arrest/detention, in violation of the Fourth Amendment to the United States Constitution.

11. Defense counsel recently learned that the Government was in actual physical possession of the aforementioned keys and that it intends to introduce this physical evidence at trial.

12. Failure to raise this constitutional claim, even at this stage of the proceedings, would potentially render Defense counsel ineffective, therefore, this motion is made *nunc pro tunc*.

LEGAL AUTHORITY

At the time the Defendant was stopped by Detective McDermott he was no longer free to leave the location or the control of the police officers, therefore, he was "seized" for purposes of the Fourth Amendment. See United States v. Mendenhall, 446 U.S. 544 (1980). Given the information available to the police officers and their observations involving the Defendant, probable cause did not exist to justify a warrantless arrest of Terry Walker. See Michigan v. Summers, 452 U.S. 692,700 (1981). Consequently, any search of the Defendant's person incident to such a custodial detention would be improper and made in violation of Terry Walker's Fourth Amendment rights.

Even assuming *arguendo* that the seizure of the Defendant did not immediately ripen into an arrest, an investigative detention or *Terry* stop requires that the police have "a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000). In Terry v. Ohio, the United States Supreme Court held that a police officer may

conduct a brief investigatory stop when the officer has a reasonable suspicion that criminal activity is afoot. See Terry v. Ohio, 392 U.S. 1, 30 (1968). When performing a *Terry* stop, a police officer may conduct "a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual...." Terry, 392 U.S. at 27.

In the matter *sub judice*, the police detained the Defendant without probable cause or even a reasonable suspicion that criminal activity was afoot. Moreover, the police officer who searched the Defendant's person and vehicle had no information to establish a reasonable suspicion that Terry Walker was armed and dangerous at the time he was detained on the street, handcuffed and placed inside of a police vehicle. Consequently, the detention of the Defendant as well as the search of his person were made without reasonable suspicion and in violation of the Defendant's Fourth Amendment rights.

Therefore, the Defendant respectfully submits that the set of keys recovered from the Defendant should be suppressed as fruit of the illegal arrest/detention of Terry Walker on or about April 14, 2002.

**WHEREFORE**, the Defendant, Terry Walker, prays that this Honorable Court grant the foregoing Motion to Suppress Physical Evidence for all of the reasons set-forth herein and respectfully requests an evidentiary hearing on this issue.

RESPECTFULLY SUBMITTED:

SIGNATURE CODE: MJJE5849

MICHAEL J. ENGLE, ESQUIRE
ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I, MICHAEL J. ENGLE, ESQUIRE, HEREBY CERTIFY THAT I HAVE FORWARDED BY REGULAR U.S. MAIL, A TRUE AND CORRECT COPY OF THE FOREGOING MOTION TO SUPPRESS PHYSICAL EVIDENCE AND IDENTIFICATION TO THE FOLLOWING PERSONS:

HONORABLE R. BARCLAY SURRICK
ROOM 8614 U.S. COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA 19106

RICHARD A. LLORET, AUSA
615 CHESTNUT STREET
SUITE 1250
PHILADELPHIA, PA 19106

SIGNATURE CODE: MJJE5849
MICHAEL J. ENGLE, ESQUIRE
ATTORNEY FOR DEFENDANT

DATED: JULY 24, 2008