IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 05-440 (4,5, 6,11) |
| | : | |
| KEENAN BROWN (4) | : | |
| ROBERT COOPER (5) | : | |
| JAMAR CAMPBELL (6) | : | |
| TERRY WALKER (11) | : | |

## GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT TERRY WALKER'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF MONIQUE PULLINS

On November 15, 2008, defendant Terry Walker filed a motion in limine to exclude testimony of Monique Pullins. The government filed its response, and a motion in limine to permit certain testimony of Ms. Pullins, on November 17, 2008, the first day of trial. At the argument of the defendant's motion in limine on November 17, 2008, Mr. Walker's counsel conceded that there was no "withdrawal" by defendant from the conspiracy as a result of the murder of James Smith in January of 2005. Since defendant has not withdrawn from the conspiracy, he is liable not only for the actions of co-conspirators during and in the course of the conspiracy after January of 2005, but also for co-conspirator statements in furtherance of and during the course of the conspiracy after that date. United States v. Patel, 879 F.2d 292, 294 (7th Cir. 1989) (Posner, J.); Fed. R. Evid. 801(d)(2)(E).

Defendant limits his legal theory in support of his effort to exclude Ms. Pullins' testimony to a claim that the statements by Alton Coles to Monique Pullins in and after March of 2005, to the effect that the persons, including "Taz," (defendant Walker's alias) on the "tally

sheets" recovered at Ms. Pullins' apartment owed Coles money for drugs, were mere "idle chatter," and not in furtherance of the conspiracy. Defendant cites United States v. Ammar, 714 F.2d 238 (3d Cir. 1983) for the general proposition that "idle chatter" is not in furtherance of a conspiracy, but an examination of Ammar makes it perfectly clear that *exactly* the type of co-conspirator statement the government seeks to elicit here - a statement about past events in the conspiracy, directed to informing a fellow conspirator of information pertinent to the operations of the conspiracy - was actually held admissible by the court in Ammar.

> Both Stillman and Judith claim that certain out-of-court statements should not have been admitted because they constituted narratives of past events and thus were not in furtherance of the conspiracy. . . Stillman challenges Ibraham's statement to Ghassan, Judith and Welkie, as recited by Welkie, *that Stillman owed them a lot of money for the last shipment of heroin and would have to pay up before he could get another package.* Statements between conspirators which provide reassurance, serve to maintain trust and cohesiveness among them, or inform each other of the current status of the conspiracy further the ends of the conspiracy and are admissible so long as the other requirements of Rule 801(d)(2)(E) are met. See United States v. Mason, 658 F.2d 1263, 1270 (9th Cir.1981); United States v. Goodman, 605 F.2d 870, 878 (5th Cir.1979). Such statements are more than "mere narratives" of past events. See United States v. Eubanks, 591 F.2d 513, 520 (9th Cir.1979). They differ from the statements made in United States v. Provenzano, supra, relied on by appellants, which had been made to non-members of the conspiracy who had no need to know about the matters disclosed.

Ammar, 714 F.2d at 252 (emphasis supplied). In this case, the information conveyed by Mr. Coles to Ms. Pullins was for the purpose of explaining the tally sheets to her so she could keep them and change them, as directed by Coles.

Defendant's position is legally incorrect and should be rejected. Ms. Pullins' testimony about Alton Coles' statement to her should be admitted.

LAURIE MAGID
*Acting United States Attorney*

s/Richard A. Lloret
RICHARD A. LLORET
*Assistant United States Attorney*

s/Michael J. Bresnick
MICHAEL J. BRESNICK
*Assistant United States Attorney*

## CERTIFICATE OF SERVICE

I certify that the foregoing was served by regular mail, fax or email on the following counsel on the date indicated below:

John J. Griffin
Law Office of John J. Griffin
239 S. Camac Street
Philadelphia, Pa 19107 215-875-8005
Email: jgriffin@jgriffinlaw.com
Counsel for Jamar Campbell (6)

Elliot M. Cohen, Esq.
Two Penn Center Plaza
15th & John F. Kennedy Blvd.
Suite 1516
Philadelphia, PA 19102
Phone: (215) 568-1300
Fax: (215) 568-1995
Counsel for Keenan Brown (4)

Michael J. Engle
123 South Broad Street
Philadelphia, PA 19109
Tel: (215) 985-4275
Fax: (215) 985-4592
Email: mjeesq@msn.com
Counsel for Terry Walker (11)

Wayne R. Maynard
42 South 15th Street, Suite 1104
Philadelphia, PA 19102
Phone (215) 569-2525;
Fax: (215) 569-2507
Email: wrmjd@yahoo.com
Counsel for Robert Cooper (5)

RICHARD A. LLORET
*Assistant United States Attorney*

Dated: November 19, 2008