IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NUMBER |
| v. | : | |
| | : | 05-440-11 |
| TERRY WALKER | : | |

**SURRICK, J.** **NOVEMBER 24, 2008**

**MEMORANDUM & ORDER**

Presently before the Court is Defendant's Ex Parte Motion for Subpoenas Under Seal. For the following reasons, Defendant's Motion will be granted in part and denied in part.

## I. BACKGROUND

This matter arises in the context of an ongoing trial for various drug trafficking offenses, including conspiracy to distribute controlled substances. Trial started on Monday, November 17, 2008. On Wednesday, November 19, 2008, counsel for Defendants Terry Walker, Keenan Brown, and Robert Cooper indicated that they had an ex parte motion to make to the Court. At the close of trial that day, we held a sidebar conference at which defense counsel made two requests. One of those requests involved the Court permitting a subpoena to issue for recorded inmate telephone calls made by government witness Monique Pullins at the Federal Detention Center. Pullins was taken into custody in March of 2008 after her conviction for participation in the instant drug conspiracy. Pullins began to cooperate with the Government after her conviction, and the Government expects to call her as a witness in this trial. Defense counsel argued that the recorded inmate telephone conversations could contain impeachment material and requested their disclosure under *Brady v. Maryland*, 373 U.S. 83 (1963). We directed that

defense counsel submit a formal motion setting forth with specificity why the telephone conversations were needed, why the application was being made ex parte, and why the motion was coming three days into trial.

Defense counsel for Terry Walker submitted a Motion on Thursday, November 20, 2008, in which co-defendants Brown and Cooper joined. Defendants request that a subpoena issue to the Custodian of Records for the Federal Detention Center in Philadelphia to produce "[a]ny and all recorded inmate telephone calls made by inmate Monique Pullins for the period of 30 days preceding the service of this subpoena." (Def.'s Ex Parte Mot. at 1.) Defendant argues that the Motion and this Court's subsequent Order should be sealed because "[t]he application contains confidential defense work product and case theory which would be inappropriate to provide to the government at this time. Fed. R. Crim. P. 17 specifically provides for an *in forma pauperis* defendant to proceed *ex parte*." (Def.'s Ex Parte Mot. at 1.) Defendant explains that

> the subpoena for telephone recordings from the Federal Detention Center is made pursuant to Brady v. Maryland as such tapes may contain exculpatory and/or impeachment evidence relating to Monique Pullins, a government cooperator. Defense counsel was made aware of Ms. Pullins' cooperation of November 15, 2008 upon receiving a two page memorandum of interview from the government summarizing proffer sessions with the government from April 1, 2008 until October 24, 2008. The Defendant has been provided no other discovery or Jencks material for Ms. Pullins. The government routinely subpoenas telephone records for inmates in order to investigate cases and for purposes of obtaining impeachment materials when defendants testify at trial. To deny the Defendant the same right of access to such material would be unconstitutional.

(Def.'s Ex Parte Mot. at 2.) Defendant asserts that he is aware that Rule 17(c) subpoenas are not meant to provide a means for discovery. (*Id*. at 3.)

At the close of trial on Friday, November 21, 2008, we held an ex parte hearing with all defendants and defense counsel present. Defense counsel reiterated their position that

Defendants are entitled to review potential impeachment material. We took the matter under advisement.

## II. DISCUSSION

"It is well settled that there is no general constitutional right to discovery in a criminal case although the prosecution has the 'duty under the due process clause to insure that criminal trials are fair by disclosing evidence favorable to the defendant upon request.'" *Diggs v. Owens*, 833 F.2d 439, 443-44 (3d Cir. 1987) (*quoting Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)) (internal quotes omitted).

Federal Rule of Criminal Procedure 17 governs subpoenas for the attendance of witnesses, as well as the production of documents and objects. At issue in this case is Rule 17(c), which provides that

> a subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1). Although Rule 17(c) says nothing about ex parte motions, Rule 17(b) permits indigent defendants to subpoena witnesses ex parte. Fed. R. Crim. P. 17(b). There is a disagreement among courts as to whether Rule 17(c) subpoenas may issue ex parte. Some courts have held that Rule 17(c) subpoenas may issue ex parte in limited circumstances. *See United States v. Fox*, 275 F. Supp. 2d 1006, 1011 (D. Neb. 2003) (collecting cases). Other courts have concluded that the language of Rule 17(c) does not permit ex parte subpoenas. *See, e.g.*, *United States v. Stewart*, No. 96-583, 1997 U.S. Dist. LEXIS 2444, at *5 (E.D. Pa. Mar. 4, 1997) ("We agree with the majority of courts which have examined this issue that the plain language of Rule

17(c) does not contemplate *ex parte* procedure, at least absent extraordinary circumstances.").

We note that in general ex parte proceedings are disfavored in this Circuit. *See United States v. Wecht*, 484 F.3d 194, 214 (3d Cir. 2007). However, the Court of Appeals "will permit the trial court to entertain such motions where the movant shows good cause." *United States v. Wecht*, No. 06-0026, 2008 U.S. Dist. LEXIS 8078, at *14-15 (W.D. Pa. Feb. 4, 2008). For example,

> if defendant wishes to secure documents in advance of a witness' [sic] testimony but, because he fears that filing the motion required by Rule 17(c) will require him to divulge trial strategy to the detriment of his defense or in violation of his constitutional rights, he may file his motion ex parte, but he will be required to make a showing of good cause for keeping the motion ex parte.

*Wecht*, 2008 U.S. Dist. LEXIS 8078, at *15.

"Rule 17(c) was not intended to be a broad discovery device, and only materials that are 'admissible as evidence' are subject to subpoena under the rule." *United States v. Cuthbertson*, 651 F.2d 189, 192 (3d Cir. 1981). In particular, with regard to Rule 17(c) subpoenas directed to potential *Brady* material, the Third Circuit has held that

> although *Brady v. Maryland* . . . , mandates that the prosecution disclose impeachment material that is exculpatory to the defendant, it does not require that the prosecution make the file available for the defendant's general perusal. Instead, the government need only direct the custodian of the file to inspect them for exculpatory evidence and inform the prosecution of the results of that inspection, or, alternatively, submit the files to the trial court for *in camera* review.

*United States v. Dent*, 149 F.3d 180, 191 (3d Cir. 1998); *see also United States v. Beckford*, 964 F. Supp. 1010, 1031 (E.D. Va. 1997) (finding that "a Rule 17(c) subpoena duces tecum is improper where it calls for the production of Brady, Jencks, or Giglio material. That is because those materials are subject only to limited discovery pursuant to Fed. R. Crim. P. 16, *Brady v. Maryland*, . . ., and the Jencks Act, 18 U.S.C. § 3500"). This is consistent with Supreme Court

pronouncements addressing *Brady* procedures:

> In the typical case where a defendant makes only a general request for exculpatory material under *Brady v. Maryland*, 373 U.S. 83 (1963), it is the State that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final. Defense counsel has no constitutional right to conduct his own search of the State's files to argue relevance. *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one").

*Pennsylvania v. Ritchie*, 480 U.S. 39, 59-60 (1987) (internal citation omitted). "Where a defendant suspects that the government has withheld Brady evidence, he may move the court for an *in camera* inspection of the materials in question." *United States v. Rodriguez*, No. 07-709, 2008 U.S. Dist. LEXIS 93890, at *7-8 (E.D. Pa. Nov. 18, 2008) (*citing Ritchie*, 480 U.S. at 60; *Dent*, 149 F.3d at 191.)

Here, Defendants believe that Monique Pullins's recorded inmate phone calls may contain impeachment or exculpatory evidence. Defendants argue that they are entitled to production of the tapes under Rule 17(c) and that the subpoena should issue under seal so as not to alert the Government regarding defense trial strategy. We disagree. We are satisfied that Defendants are not entitled to review the Pullins tapes, and they are not entitled to keep this matter secret. Defendants' general concern that their trial strategy will be divulged is not persuasive under the circumstances. Defendants are simply seeking impeachment material against a cooperating government witness. Moreover, Defendants are seeking this material under *Brady* and its progeny, which have established disclosure procedures that neither permit a defendant to move ex parte to procure impeachment or exculpatory evidence nor allow the defendant to review Government files in the hopes of discovering such material.

Defendants are, of course, entitled to information that constitutes Jencks, *Brady*, or

*Giglio* material. Consistent with Defendants' request, we direct the Government to review immediately "[a]ny and all recorded inmate telephone calls made by inmate Monique Pullins for the period of 30 days preceding" this Order and to disclose any impeachment or exculpatory material favorable to the defense. *See, e.g.*, *United States v. Arnold*, 117 F.3d 1308, 1315-18 (11th Cir. 1997) (reversing defendant-appellant's conviction and remanding for a new trial where the government failed to disclose a government witness's inmate recorded conversations that constituted *Brady* material); *United States v. Merlino*, No. 99-0363, 2001 U.S. Dist. LEXIS 2961, at *8-13 (E.D. Pa. Mar. 19, 2001) (addressing defense request to disclose Bureau of Prisons tape recordings of telephone conversations of government witnesses for possible Jencks and *Brady* material).

Defendant's ex parte Motion makes two requests. Only one is addressed here. Accordingly, we direct the Clerk of Court to docket the Motion under seal.

An appropriate Order follows.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 05-440-11 |
| TERRY WALKER | : | |

**ORDER**

AND NOW, this 24th day of November, 2008, upon consideration of the Defendant's Ex Parte Motion for Subpoenas Under Seal, it is ORDERED that the Motion is GRANTED in part and DENIED in part consistent with the attached memorandum.

IT IS SO ORDERED.

BY THE COURT:

______________________________
R. Barclay Surrick, Judge