**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 05-440 (4,5, 6,11)** |
| | : | |
| **KEENAN BROWN (4)** | : | |
| **ROBERT COOPER (5)** | : | |
| **JAMAR CAMPBELL (6)** | : | |
| **TERRY WALKER (11)** | : | |

## MOTION IN LIMINE SEEKING THE EXCLUSION OF OR LIMITATION OF THE PROPOSED EXPERT TESTIMONY OF FRANK WALLACE

Defendant seeks to introduce the testimony of an expert, Frank Wallace, a former police inspector. A copy of Mr. Wallace's report, tendered to the government last week, is attached. In a number of respects the proposed testimony of Mr. Wallace violates the rules of evidence. The government seeks an order from the court limiting the testimony of Mr. Wallace to matters permitted under Federal Rules of Evidence 702, 703 and 704. The conclusion to Mr. Wallace's report reads as follows: "[c]onsidering all of the foregoing, it is my opinion that Mr. Walker did not have control, possession or knowledge of the apartment located at 2636 Daphne Road, or of the items seized therein."

Mr. Wallace's conclusion is clearly an opinion about Mr. Walker's state of mind – his knowing control and possession of the drugs and firearms within 2636 Daphne Road. This opinion is not permitted under Federal Rule of Evidence 704(b). That rule provides as follows:

> **(b)** No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.

It is not entirely clear that defendant proposes to qualify Mr. Wallace as a narcotics expert. Presumably, that is the case. Narcotics experts are permitted wide latitude in expressing their opinions, but are not permitted to testify to the defendant's state of mind. United States v. Watson, 260 F.3d 301, 308-10 (3d Cir. 2001) ("Of course, narcotics experts may testify about drug dealing, but they are in no way qualified to testify about a defendant's mental condition.") If Mr. Wallace's opinion were couched in general terms about his experience concerning the habits and general conduct of drug dealers, or the uses of various tools of the trade, as the government's expert witness testimony will be, it would avoid the proscription in FRE 704(b) and in Watson, see United States v. Price, 458 F.3d 202, 212 (3d Cir. 2006) (Police drug expert's "testimony was no more and no less than a description, 'in general and factual terms, [of] the common practices of drug dealers,'" and therefore admissible). But the point of Mr. Wallace's opinion is quite specifically to analyze pieces of evidence and form an opinion about Mr. Walker's state of mind vis a vis the drugs in the apartment at 2636 Daphne Road. Mr. Wallace's opinion is impermissible and must be disallowed.

Mr. Wallace's opinion is also based upon an evaluation of the credibility of Mr. Walker's statement that neither the keys police took from him nor the Infiniti were his. Wallace Report, page 3. Mr. Wallace, in his "Conclusions," states that "Mr. Walker denied, and documents prove, that neither the vehicle nor the apartment was his." This is simply an opinion about the credibility of a statement by the defendant, and it is

impermissible. United States v. Scop, 846 F.2d 135, 142 (2d Cir. 1988) ("expert witnesses may not offer opinions on relevant events based on their personal assessment of the credibility of another witness's testimony"); Nimely v. City of New York, 414 F.3d 381, 397-98 (2d Cir. 2005) ("It is a well-recognized principle of our trial system that "determining the weight and credibility of [a witness's] testimony.... belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men...." Aetna Life Ins. Co. v. Ward, 140 U.S. 76, 88 (1891)).

In this instance Mr. Walker is not even expected to testify, so that Mr. Wallace's opinion is even more objectionable, as an effort to opine about the credibility of the defendant's statement about the keys even where the defendant has not subjected himself to cross-examination. It is for the jury to make the conclusion about the credibility of Mr. Walker's remark, not Mr. Wallace. This opinion evidence is improper and should be disallowed.

Given the impermissible nature of much of Mr. Wallace's testimony, the question arises whether his testimony is "helpful" to the jury, as required under Federal Rule of Evidence 702. As it is presently cast, in his report, Mr. Wallace's testimony consists of an analysis of some, but clearly not all, of the evidence before the jury, and a conclusion that Mr. Walker did not knowingly possess the drugs and firearms in 2636 Daphne Road. This is not testimony that is helpful to the jury, as expert testimony about drug codes, the uses of various drug paraphernalia, or common patterns of conducting the drug trade would be. This is not the type of general testimony approved in Price; rather, it is simply an effort to usurp the jury's fact-finding role. This testimony is much more likely to

confuse the jury than to educate them, and so should be excluded under Federal Rule of Evidence 403. See United States v. Brown, 7 F.3d 648, 653-54 (7th Cir. 1993) (expert testimony, as all evidence, subject to analysis under Rule 403).

For all of these reasons, the government seeks an order excluding or properly limiting the testimony of the defendant's expert, Frank Wallace.

Respectfully submitted,

LAURIE MAGID
*Acting United States Attorney*

s/Richard A. Lloret
RICHARD A. LLORET
*Assistant United States Attorney*

s/Michael J. Bresnick
MICHAEL J. BRESNICK
*Assistant United States Attorney*

## CERTIFICATE OF SERVICE

I certify that the foregoing was served by regular mail, fax or email on the following counsel on the date indicated below:

John J. Griffin
Law Office of John J. Griffin
239 S. Camac Street
Philadelphia, Pa 19107 215-875-8005
Email: jgriffin@jgriffinlaw.com
Counsel for Jamar Campbell (6)

Elliot M. Cohen, Esq.
Two Penn Center Plaza
15th & John F. Kennedy Blvd.
Suite 1516
Philadelphia, PA 19102
Phone: (215) 568-1300
Fax: (215) 568-1995
Counsel for Keenan Brown (4)

Michael J. Engle
123 South Broad Street
Philadelphia, PA 19109
Tel: (215) 985-4275
Fax: (215) 985-4592
Email: mjeesq@msn.com
Counsel for Terry Walker (11)

Wayne R. Maynard
42 South 15th Street, Suite 1104
Philadelphia, PA 19102
Phone (215) 569-2525;
Fax: (215) 569-2507
Email: wrmjd@yahoo.com
Counsel for Robert Cooper (5)

/s/ Richard A. Lloret
RICHARD A. LLORET
*Assistant United States Attorney*

Dated: December 1, 2008

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 05-440 (4,5, 6,11)** |
| | : | |
| **KEENAN BROWN (4)** | : | |
| **ROBERT COOPER (5)** | : | |
| **JAMAR CAMPBELL (6)** | : | |
| **TERRY WALKER (11)** | : | |

**ORDER EXCLUDING**
**THE TESTIMONY OF**
**FRANK WALLACE**

This matter comes before the Court on motion of the United States to exclude the proposed expert testimony of Frank Wallace. Defendant Terry Walker seeks to introduce Mr. Wallace's opinion testimony, as follows, based on Mr. Wallace's report:

> [I]t is my opinion that Mr. Walker did not have control, possession or knowledge of the apartment located at 2636 Daphne Road, or of the items seized therein.

Because this opinion testimony concerns the defendant's mental state, it is not admissible. Federal Rule of Evidence 704(b).

Mr. Wallace also seeks to opine about the credibility of Mr. Walker's statement to police that keys seized from him on April 15, 2002 outside 2636 Daphne Road in Philadelphia did not belong to him, nor did an Infiniti parked in the driveway of 2636 Daphne Road. Expert testimony about the credibility of another person or witness is not permissible.

It is therefore ORDERED, on this 1st day of December, 2008, that the above testimony be and hereby is excluded, and the defendant Terry Walker, by counsel, shall not introduce it nor seek its introduction at trial.

BY THE COURT:

____________________________________

HONORABLE R. BARCLAY SURRICK
*Judge, United States District Court*