```
                    UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF PENNSYLVANIA


    UNITED STATES OF AMERICA,     )  05-cr-440-13
                                  )
         vs.                      )
                                  )
    JAMES MORRIS,                 )  Philadelphia, PA
                                  )  November 2, 2010
                      Defendant.  )  10:06 a.m.


                       TRANSCRIPT OF SENTENCING
              BEFORE THE HONORABLE R. BARCLAY SURRICK
                     UNITED STATES DISTRICT JUDGE


   APPEARANCES:

   For the Government:           MICHAEL J. BRESNICK, ESQUIRE
                                 UNITED STATES ATTORNEY'S OFFICE
                                 615 Chestnut Street
                                 Suite 1250
                                 Philadelphia, PA  19106

   For the Defendant:            RONALD B. THOMPSON, ESQUIRE
                                 RONALD B. THOMPSON, P.C.
                                 303 Lincoln Drive West
                                 Suite E
                                 Marlton, NJ  08053

                                 WAYNE POWELL, ESQUIRE
                                 811 Church Road
                                 101 Tarragon Building
                                 Cherry Hill, NJ  08002

   Audio Operator:               Michael Finney

   Transcribed by:               DIANA DOMAN TRANSCRIBING
                                 P. O. Box 129
                                 Gibbsboro, New Jersey  08026
                                 Off: (856) 435-7172
                                 Fax: (856) 435-7124
                                 E-mail: dianadoman@comcast.net


   Proceedings recorded by electronic sound recording; transcript
   produced by transcription service.
```

I N D E X

ARGUMENT:                                          PAGE NUMBER
  By Mr. Bresnick                                    7, 10, 12
  By Mr. Powell                                         5, 11
  By Mr. Thompson                                           8

```
                         Colloquy                              3
```

1              THE COURT:  Okay.  We have the case of <u>United States</u>
2     <u>versus James Morris</u>.  It's number 05-440-13.  Counsel, please
3     identify yourselves.
4              MR. BRESNICK:  Good morning, Your Honor.  Mike
5     Bresnick from the US Attorney's Office.  With me at counsel
6     table is Mike Ricko from ATF --
7              MR. RICKO:  Good morning, Your Honor.
8              MR. BRESNICK:  -- and Ray Armstrong from IRS.
9              MR. ARMSTRONG:  Good morning, Your Honor.
10             MR. POWELL:  Good morning, Judge.  If Your Honor
11    please, Wayne Powell appearing on behalf of defendant James
12    Morris.
13             MR. THOMPSON:  Good morning, Your Honor.  If it
14    please the Court, Ronald Thompson also appearing on behalf of
15    James Morris.
16             THE COURT:  All right.  Counsel, we're here for
17    sentencing this morning.  Mr. Morris was found guilty on Count
18    1 of conspiracy to distribute controlled substances, and Counts
19    52, 53, 54 and 55, use of the communication facility to
20    facilitate drug trafficking.  You have received a copy of the
21    pre-sentence report.  The pre-sentence calculates the
22    sentencing Guidelines based upon a base offense level of 38 and
23    a criminal history category of four to be 324 to 405 months.
24             The defendant suggests that the Guidelines should be
25    more properly 262 to 327 months, based upon a -- an offense

1   level of 36 and a criminal history category of four.  The
2   Government does not object to that.  The Government is
3   satisfied that the Court determined the Guideline range is 262
4   to 327 months based upon a jury's verdict.  They specifically
5   found five kilos or more of cocaine and 50 grams or more of
6   crack cocaine.  And the Government is satisfied with that.
7   Also, suggests that it really doesn't make any difference
8   because the defendant has two prior drug convictions and,
9   therefore, there's a mandatory life sentence here.
10              Counsel, you have received the pre-sentence report.
11  Are there any objections to it at this juncture?
12              MR. POWELL:  Judge, we have none, other than what the
13  Court has already set forth on the record and the objections
14  which we submitted to the --
15              THE COURT:  I can't hear you, counsel.
16              MR. POWELL:  And the objections which the Court has
17  made reference to, which we submitted to Pre-trial Services.
18              THE COURT:  Mr. Bresnick, do you have any objections?
19              MR. BRESNICK:  No objections, Your Honor.  I -- I
20  would like to just clarify one thing Your Honor said, that the
21  -- the Government does not object to the offense level being 36
22  because the amount of cocaine involved was at least 50
23  kilograms of cocaine powder, not -- not just the five kilograms
24  that Your Honor referred to.  It was 50 kilograms.  That's what
25  gets the defendant to the offense level of 36.

Powell - Argument                          5

1    THE COURT: All right. I am going to accept the
2    Guideline range based upon a 36 and a -- and a criminal history
3    category of four. I'm going to find that the sentencing
4    Guidelines here are 262 to 327 months.
5         Mr. Thompson and Mr. Powell, you -- you've objected
6    to paragraph 32, to paragraph 48 and to paragraph 85. I have
7    reviewed those objections. If you have anything more you want
8    to say, I'll hear it.
9         MR. POWELL: No, Judge, we'll submit on the
10   objections.
11        THE COURT: I'm going to overrule those objections.
12   I think the evidence establishes the facts made -- found in
13   those paragraphs.
14        All right. Counsel, I'll hear whatever you have to
15   say on behalf of your client from the defense.
16        MR. POWELL: I'm sorry, Judge, I thought the
17   Government got to go first. I apologize. Judge, we've had an
18   opportunity to review the -- the pre-sentence report and had an
19   opportunity to discuss this matter with the defendant in this
20   case. Judge, I understand that the Government takes the
21   position that the mandatory minimum applies in this case to Mr.
22   Morris. Our position is that the Court does not have to impose
23   the mandatory minimum in this case.
24        The Government relies upon the -- the language of the
25   statute, which requires that if the quantity in question

Powell - Argument                                                6

exceeds five kilograms of powder cocaine and more than 50 grams of crack cocaine, that the defendant is subject to a mandatory life sentence, given defendant's prior convictions.  And the Government has filed an application for enhancement with respect to those.  Our position, Judge, is that the Court is not obligated to impose the mandatory minimum in this case.

One, Judge, we suggest that there are insufficient facts from which to find that the mandatory minimum is applicable to this defendant.  Specifically, Judge, at the time that the jury heard the evidence in this case, they received a jury interrogatory asking, with respect to Count 1, as to whether or not the jury found the defendant guilty or not guilty for more than five kilos of powder cocaine and more than 50 grams of crack cocaine.  There was no special interrogatory provided to the jury pursuant to <u>Apprendi</u>, so that the jury could make some determination as to the actual amount of powder cocaine and/or crack cocaine that the jury was satisfied beyond a reasonable doubt had been established by the Government.

I understand, Judge, that the Government's position is that that doesn't make any difference, that anything which exceeds five kilograms is sufficient for the Court to find that Count 1 has been proven beyond a reasonable doubt and has subjected defendant to the mandatory minimum penalty.  Our position, Judge, is that the jury should have been supplied with a special interrogatory, so that the Court would have

Bresnick - Argument                              7

1    before it as a part of the record a finding that, in fact, the
2    amount in question did exceed the statutory minimum, which
3    would subject this defendant to the mandatory minimum under the
4    statute.
5              We would suggest, Judge, that if you accept the
6    premise that the sentencing Guidelines are no longer mandatory
7    but are now discretionary under US versus Booker and US versus
8    Cooper, that it's within this Court's discretion to sentence
9    the defendant within the Guideline range between 262 and 327
10   months.  In view of the fact that the Government does not
11   object to that calculation, we would ask that the Court
12   consider sentencing this defendant to 262, a sentence which is
13   within the Guideline range between 262 and 327 months.
14             Given, Judge, the defendant's past criminal history,
15   the defendant certainly understands that the Court may not be
16   inclined to sentence the defendant at the lower end of the
17   range but toward the higher end of the range.  But we would ask
18   that the Court sentence within that range, as opposed to
19   imposing a -- a mandatory life sentence.
20             THE COURT:  All right.  Mr. Bresnick.
21             MR. BRESNICK:  Your Honor, may I approach the
22   lectern?
23             THE COURT:  Yes, indeed.
24             MR. BRESNICK:  Your Honor, the mandatory life
25   sentence indeed does apply in this instance.  The jury, by its

Thompson - Argument                                              8

1  own special interrogatory, found that a conspiracy involved of
2  five kilograms or more of cocaine powder and 50 grams or more
3  of crack cocaine.  More specifically, Your Honor, the jury
4  heard substantial evidence about Mr. Morris involvement with at
5  least 50 kilograms of powder and numerous discussions between
6  him and Coles where the two of them were discussing Morris's
7  delivery of the 50 kilograms of cocaine powder to Mr. Coles, as
8  well as the delivery and payment for another seven or eight
9  kilograms of cocaine from Morris to Coles in July of 2005.
10             Again, Your Honor, the jury's verdicts of the
11 telephone count of 52 through 56, where they convicted the
12 defendant of discussing and using the telephone to discuss with
13 Mr. Coles the delivery of 50 kilograms of cocaine powder and
14 additional cocaine trips to Cancun to obtain cocaine, when the
15 cocaine would be delivered.  I mean, the -- the telephone
16 conversations between the two of them about cocaine were ample.
17 So, Your Honor, under statute under 841b1A, the Court is
18 statutorily obligated to sentence the defendant to life in the
19 sentence.  And as -- as regards to the 3553(a) factor, Your
20 Honor, I -- I do think by imposing sentence, Your Honor, should
21 address them in some respect.  And Your Honor, the Government
22 will rest on this sentencing memorandum.
23             THE COURT:  All right.  Counsel, you want to bring
24 your client forward.
25             MR. THOMPSON:  Your Honor, I do have one question.

Thompson - Argument                                            9

1   851 motion, when was that filed?  Do we have the records when
2   that was filed?
3               MR. BRESNICK:  I -- I saved the docket number and the
4   sentencing memorandum, Your Honor.  I don't have the specific
5   date.
6               MR. THOMPSON:  The time -- the time is what we're
7   looking at.
8               THE COURT:  That was filed on December 18, 2007.
9               THE DEFENDANT:  What time, Your Honor?
10              MR. THOMPSON:  Do we have a time, by any chance, Your
11  Honor?
12              THE COURT:  Time of day?
13              MR. THOMPSON:  Yes, Judge.
14              THE COURT:  2:05 it looks like.  No, I'm sorry,
15  that's not the time.  I have the date.  12/18/07 is on the
16  docket.  (pause)
17              MR. THOMPSON:  Judge, are we able to tell what time
18  the jury was sworn in that day?
19              THE DEFENDANT:  What time was the jury impaneled on
20  the 18th?
21              MR. THOMPSON:  On the 18th, what time the jury was
22  impaneled?  Do we have that on the docket, Judge?
23              THE COURT:  I -- it may be part of the docket,
24  counsel.  I don't have the --
25              THE DEFENDANT:  We need it.

                        Bresnick - Argument                      10

1            THE COURT:  -- full docket with me right now.
2            THE DEFENDANT:  Your Honor, we need it.
3            MR. THOMPSON:  Judge, just if I may, very briefly,
4    with regard to comments made by Mr. Bresnick.  Judge, my
5    recollection of what is contained in the record concerning the
6    amounts and the conversations back and forth between Mr. Coles
7    and Mr. Morris, there was a number discussed, 50, but it wasn't
8    -- 50 what?  It just -- there was no conversation to that -- in
9    that regard, Judge.  And it would seem that given that fact,
10   there would be a need at least for an evidentiary hearing on
11   that issue.
12           THE COURT:  Mr. Bresnick.
13           MR. BRESNICK:  Your Honor, the evidentiary hearing
14   took place during the trial in this matter, and the jury
15   convicted the defendant of those counts.
16           MR. THOMPSON:  Judge, but I think that puts us in --
17   into an Apprendi issue, Judge, when the Court is left to decide
18   what that 50 means.  A special interrogatory could have done
19   it.
20           THE COURT:  Well, didn't -- the jury did, in fact,
21   find that there were five kilos or more of cocaine and 50 grams
22   or more of crack cocaine that were part of your conspiracy
23   which your client was found guilty of.
24           MR. BRESNICK:  Yes, Your Honor.  And -- and more than
25   that, they convicted him of the telephone counts involving the

```
                    Powell - Argument                          11
```

1    discussion of the delivery of 50 kilograms of cocaine powder.
2    And Your Honor -- of course, Your Honor is entitled to make
3    findings of fact pursuant to a -- by a preponderance of the
4    evidence under the pari standard (phonetic).  Nothing here is
5    raising the stat max (phonetic).  It's simply affecting the
6    mandatory minimum sentence that should be imposed in this case.
7              THE COURT:  All right.  Counsel, anything further?
8              MR. THOMPSON:  Nothing, Judge.
9              THE COURT:  All right.  You want to bring your client
10   forward.
11             THE DEFENDANT:  We need the motion, man.  I'm trying
12   to object to the 851.  We need -- we need a docket, Your Honor.
13             THE COURT:  Mr. Finney, can you bring up the docket?
14             MR. FINNEY:  I'd have to go back in the office.
15             THE COURT:  All right.  We'll take a brief recess and
16   we'll get the docket for you, counsel.
17             MR. THOMPSON:  Thank you, Your Honor.
18                              (Recess)
19             THE COURT:  All right.  Counsel, we've -- Mr. Finney
20   has gotten a copy of the docket entries and given those to you.
21   I will hear whatever you have to say at this juncture.
22             MR. POWELL:  Judge, we've had an opportunity to
23   review the -- the docket.  And it appears, Judge, that Mr.
24   Morris actually has a point.  <u>US versus White</u> requires, Judge,
25   that the 851 motion be filed before the commencement of -- of

```
                     Bresnick - Argument                      12
```

1   jury selection.  Jury selection started on -- according to the
2   docket, on December 18, 2007.  The -- the Government's Section
3   851 motion was filed on that same date, Judge.  I guess the
4   issue here is when it was filed.
5           Jury selection commenced at 9:30 a.m.  If the
6   Government's motion was filed prior to 9:30 a.m., then it would
7   seem that the Government's motion was timely filed and the
8   defendant would be subject to an enhanced sentence, given that
9   notice.  If it was filed at 9:31 or after, it seems to me,
10  Judge, there's an issue as to whether or not the Court could
11  sentence this defendant to an enhanced -- an enhanced sentence.
12  There's nothing in the record, Judge, which indicates the time
13  that the motion was actually filed.  I suppose we have to check
14  the -- with the clerk and find out at what time the motion
15  itself was -- was stamped filed for that date.
16          THE COURT:  Well, in any event, the docket entries
17  reflect that the 851 was filed before we began jury -- the jury
18  selection.
19          MR. POWELL:  Judge, if you look at the docket,
20  chronologically the motion does appear on this number 591, and
21  the commencement of jury selection appears as number 592, but
22  there's no actual indication of the actual time that the motion
23  was filed.  And I suppose we'd have to --
24          THE COURT:  Mr. Bresnick.
25          MR. BRESNICK:  Well, I'll address that later point

Bresnick - Argument                              13

1   first.  I mean, it is -- does appear on the docket before the
2   jury selection.  I don't know what time we filed it, Your
3   Honor.  I can't remember.  This was three years ago.  And --
4   and standing here today, he's citing a case.  I don't know what
5   that case is.  I haven't had a chance to look at it.  I don't
6   even know if the Government has to file the information before
7   the jury is impaneled or before the jury is sworn.
8             I thought it was before the jury was sworn, because
9   that's when jeopardy attaches.  But I mean, maybe in the first
10  instance we can find out when exactly -- if this is an issue
11  for Your Honor, if the fact that the information is in docket
12  number 591 and the -- the docket number for the jury selection
13  592 isn't enough for the Court, then we could -- we could find
14  out the answer of exactly what time it was filed.  I -- you
15  know, I don't know if Your Honor wants to proceed that route.
16            THE COURT:  Well, I -- I would suggest -- this is a
17  serious matter.  The Court, if required, would have to sentence
18  Mr. Morris to life imprisonment.  And I think before we go one
19  step further, we'll give you the opportunity to get the answer
20  to that.  Number one, get the answer to what time -- if you can
21  get the answer, what time those -- the 851 was filed, as
22  opposed to what time the jury began -- jury selection began.
23  And to give you a chance to take a look at the case that's been
24  cited for the proposition that it is before the jury selection
25  begins rather than before it's sworn that counts.  So --

```
                         Colloquy                            14
```

1            MR. BRESNICK:  It's not even clear, Your Honor, from
2    the docket in 592 that jury selection began at 9:30 a.m.  I --
3    I'm not sure where defense counsel got that.
4            MR. POWELL:  That information appears to be
5    indicated, Judge, in the -- in the docket entry itself.  It
6    says --
7            THE COURT:  Well, why don't we do this, counsel.
8    We'll -- we'll take a recess.  We'll give you a chance to -- to
9    get the answers to these questions, if they can be determined
10   in the next hour or so.  I will be in chambers.  As soon as you
11   are ready to proceed, I will come back out and we'll go ahead.
12           MR. POWELL:  Thank you, Judge.
13           MR. BRESNICK:  Thank you, Your Honor.
14           THE COURT:  All right?
15           MR. BRESNICK:  Sure.
16           THE COURT:  Recess.
17                          (Recess)
18           THE COURT:  All right.  Counsel, we're back on United
19   States versus James Morris.  Mr. Powell or Mr. Thompson, you
20   have looked into this matter, and it's my understanding that
21   you are going to request some additional time to get a
22   transcript of the first day of jury selection; is that correct?
23           MR. POWELL:  That's correct, Judge.  We've had an
24   opportunity to make a preliminary review of the docket sheet,
25   but were unable to determine the precise time that we believe

Colloquy                                                           15

1    jury selection actually commenced.  There's an issue in our
2    minds as to whether or not it actually commenced on the -- on
3    the 17th or the 18th, so we'd like to have an opportunity,
4    Judge, to get the transcript to try to resolve that issue.
5               THE COURT:  All right.  Mr. Bresnick, do you have
6    anything you want to say at this juncture?
7               MR. BRESNICK:  No, Your Honor.  If the defendant
8    wants a little more time to look into this issue, that's --
9    that's fine with the Government.  I -- although I stand by my
10   -- my previous comments, Your Honor.  But I think if the Court
11   is inclined to give them more time, that would be fine with the
12   Government.
13              THE COURT:  All right.  Well, I -- I looked at the
14   case that was cited by counsel.  Under all the circumstances,
15   I'm going to give counsel the opportunity to get that
16   information.  As a matter of fact, counsel, I will direct that
17   Mr. Finney get a transcript of the proceeding, so that we can
18   get it immediately.  I want to dispose of this matter.  I'm
19   going to reschedule it for next week.  And I'm going to expect
20   that counsel will submit by next Monday the memoranda in
21   support of the position that you're taking after you get the
22   information that you need.  All right.
23              Now, with regard to rescheduling of the matter,
24   counsel, I can do the -- on either Thursday or Friday of next
25   week.  What's your pleasure?

```
                            Colloquy                              16
 1               MR. BRESNICK:  Thursday is a Federal holiday, Your
 2     Honor.  I don't know if that --
 3               THE COURT:  Federal what?
 4               MR. BRESNICK:  Veter -- Veterans Day.
 5               THE COURT:  I guess -- well, we'll do it on Thursday.
 6               MR. BRESNICK:  I'm available.
 7               THE COURT:  Counsel, Friday all right?
 8               MR. THOMPSON:  Friday is fine for us, Judge.
 9               MR. POWELL:  That's fine, Your Honor.
10               THE COURT:  Mr. Bresnick?
11               MR. BRESNICK:  Yes, Your Honor.  Yes.
12               THE COURT:  All right.  We'll reschedule it for 9:30
13     on Friday morning.  And we will address the issues at that
14     time.  Okay?
15               MR. BRESNICK:  I'm sorry, Your Honor, you said 9:30?
16               THE COURT:  9:30.
17               MR. BRESNICK:  Yes.
18               THE COURT:  Yes.  All right.  We'll recess.  And
19     counsel, I'd like to see you at sidebar off the record.
20               DEPUTY CLERK:  Off the record, Judge?
21               THE COURT:  Yes.
22                    (Proceedings concluded at 11:27 a.m.)
23                           *  *  *  *  *
24
25
```

1                          C E R T I F I C A T I O N

2

3         I, Brenda Boulden, court approved transcriber, certify

4    that the foregoing is a correct transcript from the official

5    electronic sound recording of the proceedings in the above-

6    entitled matter.

7

1    _____          _____

2    DATE                             BRENDA BOULDEN

3

4

5