UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,      )  05-cr-440-13
                               )
          vs.                  )
                               )
JAMES MORRIS,                  )  Philadelphia, PA
                               )  November 12, 2010
              Defendant.  )  9:39 a.m.


TRANSCRIPT OF SENTENCING
BEFORE THE HONORABLE R. BARCLAY SURRICK
UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Government:        MICHAEL J. BRESNICK, ESQUIRE
                           UNITED STATES ATTORNEY'S OFFICE
                           615 Chestnut Street
                           Suite 1250
                           Philadelphia, PA  19106

For the Defendant:         RONALD B. THOMPSON, ESQUIRE
                           RONALD B. THOMPSON, P.C.
                           303 Lincoln Drive West
                           Suite E
                           Marlton, NJ  08053

                           WAYNE POWELL, ESQUIRE
                           811 Church Road
                           101 Tarragon Building
                           Cherry Hill, NJ  08002

Audio Operator:            Michael Finney

Transcribed by:            DIANA DOMAN TRANSCRIBING
                           P. O. Box 129
                           Gibbsboro, New Jersey  08026
                           Off: (856) 435-7172
                           Fax: (856) 435-7124
                           E-mail: dianadoman@comcast.net


Proceedings recorded by electronic sound recording; transcript
produced by transcription service.

I N D E X

ARGUMENT:                                    PAGE NUMBER
  By Mr. Bresnick                                 7
  By Mr. Powell                                 4, 12


STATEMENT:                                    PAGE NUMBER
  By James Morris                              10, 17


SENTENCING:                                   PAGE NUMBER
  By Judge Surrick                               17

**\*\*\*Transcriber's Note:  Defendant's microphone was not on.  It was very difficult at times to hear defendant and defense counsel.**

Colloquy                                                      3

1          THE COURT:  Okay.  We have the case of <u>United States</u>
2     <u>versus James Morris</u>.  It's number 5-440-13.  Counsel, please
3     identify yourselves.
4          MR. BRESNICK:  Good morning, Your Honor.  Michael
5     Bresnick for the Government.  With me is Ray Armstrong from
6     IRS.
7          MR. POWELL:  Good morning, Judge.  Wayne Powell
8     appearing on behalf of the defendant James Morris.
9          MR. THOMPSON:  Good morning, Your Honor.  Ron
10    Thompson also appearing on behalf of James Morris.
11         THE COURT:  All right.  Counsel, we were here on -- I
12    think it was November 2nd for sentencing.  An issue arose at
13    that time with regard to the 851 notice that the Government had
14    filed.  And we recessed to give counsel an opportunity to take
15    a look at it and to determine exactly where you -- your
16    respective positions were.
17         Now, the record reflects that the Government, in
18    fact, filed the 851 notice on December 18, 2007 at 9:08 a.m.
19    The record also reflects that the Court met with counsel in
20    this courtroom at 10:11 a.m. to discuss the jury selection
21    process.  We talked with counsel and then went down to the
22    central jury room to hand out a questionnaire to the jurors.
23    We went down to hand out that questionnaire, I believe, at
24    about 11:48.  The jury selection continued thereafter until

1    December 20th, 12:18:07 to 12:20:07.  And then we recessed and

2    brought the jury back in January -- on the 16th of January.

3    And at that time, we swore the panel and we began the trial.

4            Counsel, do you take issue with that recitation of

5    the time frames involved here?

6            MR. POWELL:  No, Judge.

7            MR. BRESNICK:  No, Your Honor.

8            THE COURT:  All right.  Counsel, I will hear your

9    respective positions at this point.  You've had a chance to

10   take a look at the situation, and I'll hear what you have to

11   say.

12           MR. POWELL:  Thank you, Judge.  Judge, Your Honor's

13   recitation of the -- of the procedural record is accurate and

14   is undisputed.  We don't dispute it in our papers as well.  Our

15   position, Judge, is relatively straightforward.  We concede,

16   Judge, that the docket sheet seems to suggest that the process

17   of jury selection actually began at about 10:08 on the morning

18   of December 18th.  And that the Government, about an hour prior

19   to the time that the parties appeared before Your Honor, had

20   electronically filed his Section 851 notification.

21           Our position, Judge, despite the fact that there

22   seems to be a suggestion in US versus Reevus (phonetic), is

23   that electronic filing is sufficient to meet the filing

24   requirements for Section 851, is that to interpret Reevus

25   (phonetic) in that fashion actually deprives the defendant of

1    the legislative intent, the benefit that -- that Congress

2    intended to confer upon defendants in Section 851.

3              Essentially, Judge, what the Government is permitted

4    to do, if electronic filing is accepted, is to fail to timely

5    notice a defendant in any meaningful fashion of the fact that

6    the Government intends to rely on some predicate convictions.

7    Mr. Morris's circumstances back on December 18th were that he

8    was physically here in the courtroom.  There doesn't appear to

9    be any record, and I don't find anything in the Government's

10   papers, to suggest that the Government disputes that he was not

11   physically served with the Section 851 notice, nor was counsel

12   served with an 851 notice.

13             We concede, Judge, that there is a standing order in

14   the Eastern District which suggests that filing by electronic

15   filing pursuant to the -- to the local rule is sufficient for

16   filing purposes.  But I -- I take issue, Judge, with whether or

17   not, when the standing order was prepared, it contemplated

18   Section 851 consequences.  And the consequences are

19   significant.  It's the last opportunity for the defendant to

20   make a determination as to whether or not he should be put to

21   his proofs, or whether or not the defendant should avail

22   himself of an opportunity to enter into a guilty plea.  A

23   defendant who is not properly noticed, of course, cannot make

24   that determination.

25             Our position is that electronic filing, despite the

Powell - Argument                                    6

1    standing order in the Eastern District, is insufficient to

2    vindicate that prerogative that the defendant, in effect, has

3    no notice, that the Government tends to rely on predicate

4    offenses for purposes of handing his sentence if he's convicted

5    at trial.  The Government then has the ability to go forward

6    with the trial.  And if the Government is successful, as it has

7    been in this case, defendant has to be in court to impose an

8    enhanced sentence.

9          The sole purpose, it seems to me, of Section 851,

10   Judge, is to afford defendants a last opportunity, prior to the

11   time that the jury is impaneled, to make a decision as to

12   whether or not proceeding to trial is a prudent decision to

13   make.  This defendant, because of the manner in which the

14   Section 851 motion was filed, was denied the opportunity to do

15   that.

16         There can't be any question, it seems to me, Judge,

17   that there could not have been any discussion between Mr.

18   Morris and his counsel back on December 18, 2007, as to whether

19   or not on that date he should proceed to trial.  Or whether he

20   should then make an effort to avail himself of a plea in the

21   case short of trial, because he now has notice that the

22   Government intends to rely on these predicate convictions in an

23   effort to enhance his sentence.  And in Mr. Morris's case in

24   particular, Judge, because of the mandatory minimum in this

25   case, which is a life sentence, certainly, that issue is an

1    issue of substantial magnitude.

2         Perhaps the most important decision that Mr. Morris

3    had to make before going forward in this case was whether or

4    not to place himself in jeopardy of an enhanced sentence, which

5    would result in a life sentence, or availing himself of a plea

6    and seeking to avoid the imposition of a life sentence by

7    pleading guilty prior to the time of trial.

8         So despite the fact that US versus Reevus, which is

9    the only Third Circuit case, Judge, that I find, seems to

10   suggest that the -- the -- the standing order and the court

11   rules are incorporated by reference into the 851 notice

12   requirements.  I would suggest to the Court that that's

13   insufficient.  That on its face, Mr. Morris is deprived of an

14   opportunity to make perhaps the most important decision that he

15   needs to make in terms of deciding whether or not to proceed to

16   trial or to plead guilty.

17        For that reason, Judge, despite the fact that the

18   Government -- and we concede that the Government electronically

19   filed his 851 notice perhaps an hour or so before the

20   commencement of jury selection -- that this Court should not

21   deem as sufficient service under the circumstances, and that

22   the Government should not be entitled to seek and/or obtain an

23   enhanced sentence.

24             THE COURT:  All right.  Mr. Bresnick.

25             MR. BRESNICK:  Yes, Your Honor.  Good morning, Your

1    Honor.  Your Honor, as an initial matter, I just think it

2    should be noted for the record that the defendant does not

3    appear to be challenging the substance of the 851 information

4    itself, but it's that he was, in fact, convicted of the

5    convictions that are detailed in that 851 information, but is

6    merely challenging the -- the service.  Your Honor, the

7    Government in this instance complied with all rules and

8    regulations regarding service in this district.  It

9    electronically filed the document as it is permitted to do so,

10   in fact, required to do so.  And as the Government pointed out,

11   local rule 5.1.2 indicates that electronic service in this

12   instance constitutes service of the filed documents of all

13   parties and shall be deemed as satisfying the requirements of

14   the relevant Federal Rules of Criminal Procedure.

15           Moreover, the local rule state that registration as

16   an ECF file user constitutes agreement to receive and consent

17   to make electronic service of all documents.  The Government

18   did precisely what it was required to do in this case.  I

19   understand the defendant's argument here that perhaps he was in

20   court already at the time that -- of the -- of the day the jury

21   selection was scheduled to begin.  And he claimed that he was

22   deprived of -- perhaps to make an informed decision in this

23   last night.

24           Your Honor, this is -- not that we need to get into

25   this ultimate issue, but this is precisely why the Government

1   believed that it's not until the jury is sworn, as opposed to

2   -- to when jury selection begins that the Government needs to

3   file the 851 notice.  The defendant still had plenty of

4   opportunity to plead guilty the next day or the following day

5   or -- or many days after that, and he -- the jury wasn't sworn

6   until January 16, 2008.  The trial didn't begin until that day.

7   The jury wasn't, in fact, selected until December 20, 2007.  So

8   defendant had plenty of opportunity to decide to enter a guilty

9   plea.

10          So given that, Your Honor, and given the Government

11  did precisely what it was supposed to do in terms of filing

12  requirements, I believe that the 851 information is, in fact,

13  sufficient and the enhanced sentence should apply.

14          THE COURT:  All right.

15          MR. BRESNICK:  Thank you, Your Honor.

16          THE COURT:  Counsel, I have reviewed the matter.

17  I've looked at the authorities that you've given to me, and I

18  believe that the Government did do everything that it was

19  supposed to do in this situation.  The Government did give

20  notice before jury selection began.  And if that is the

21  requirement, the Government satisfied it.  If the requirement

22  is that it's before the jury is sworn, they certainly satisfied

23  it, because the jury was not sworn until a month later.  I'm

24  compelled to conclude that the 851 notice was proper under all

25  the circumstances.

1          Certainly, the Third Circuit can take a look at this

2     and determine whether or not I'm correct, but the use of filing

3     by ECF, the rules, the standing orders, all indicate to me that

4     service was proper.  So under the circumstances, I'm going to

5     conclude that the defendant is, in fact, subject to the

6     mandatory sentence that is required pursuant to that 851

7     notice.

8               All right.  Counsel, anything -- yes, sir?

9               THE DEFENDANT:  May I speak, Your Honor?

10              THE COURT:  Certainly.

11              THE DEFENDANT:  May I approach -- may I approach the

12     podium?

13              THE COURT:  You certainly may.  (pause)  Mr. Morris.

14              THE DEFENDANT:  Yes.  Within the 851 statute, it says

15     that they did comply.  They did comply as far as making the

16     electric filing.  I'm not disputing that.  But I never had an

17     opportunity -- you understand what I'm saying -- to more or

18     less address the Courts on the matter.  I never had an

19     opportunity.  And I wrote Mr. Finney in reference to that,

20     saying that I never seen this motion.  And -- and you know --

21     and I never had an opportunity to -- to even dispute the motion

22     that the Government put in.

23              If we're here, and it's electrically filed, I'm not

24     notified.  And if -- and if counsel went back to his office and

25     got this motion, that ain't effective, because they didn't --

1    they didn't -- they didn't apprise -- they didn't make me aware

2    as to what -- what they -- they received.  And I -- and I -- I

3    wrote -- I wrote Mr. Finney in reference to this.

4            And Your Honor, another thing, I never would have

5    knew if I had tried to retain Ms. Hope Lefeber for appeal.  And

6    she made me cognizant as what's going on as -- as to reference

7    to the motion.  She said, "Mr. Morris, are you aware that you

8    got an 851?"  I said, "No, I had no idea."  So if counsel did

9    get this motion, they're ineffective, and I let Mr. Finney

10   know.

11           THE COURT:  All right.  Counsel, anything further?

12           MR. POWELL:  I have nothing further, Judge.

13           MR. BRESNICK:  No, Your Honor.

14           THE COURT:  The -- the sentencing Guidelines in this

15   matter -- notwithstanding the ruling that I just made, the

16   sentencing Guidelines, based upon the defendant's position and

17   the Government's position, are 262 to 327 months, based upon an

18   offense level of 36 and a criminal history category of four.

19           Counsel, I will hear anything more you want to say or

20   your client wants to say before I formally impose sentence.

21           MR. POWELL:  Judge, we'll submit on the arguments

22   from November 2nd.

23           THE COURT:  All right.  Mr. Morris, do you have

24   anything more you want to say with regard to this matter?

25           THE DEFENDANT:  Yes, Your Honor.

1        THE COURT:  Well, why don't you come forward and I'll

2   hear anything you have to say.

3        THE DEFENDANT:  This -- it was one of those -- in

4   reference to the probation, I was enhanced twice.  I can see

5   one year probation.  And it's not on the record, but I received

6   one year probation.  I violated the probation.  It wasn't over

7   a year and a day, so it didn't violate 4A1.2.  And I received

8   three years, and I have a -- a simple assault.  So what I'm

9   saying is, I should be in category three and, hopefully, a

10  level 36, because it should be four points instead of the

11  seven.

12        THE COURT:  Mr. Powell or Mr. Thompson, do you have

13  anything you want to say to supplement that?

14        MR. POWELL:  I'm sorry, Judge, can I have a moment

15  with Mr. Morris?

16        THE COURT:  You certainly may.  (pause)

17        MR. POWELL:  Judge, I'm looking at the pre-sentence

18  report which was prepared by Probation, which indicates that

19  there was a violation of probation after the 1994 offense, of

20  which Mr. Morris was sentenced to three years incarceration

21  concurrent to another indictment.  Mr. Morris disputes that, if

22  that's the case.  I presume that the Probation Department

23  reviewed the appropriate State Court directly.  There will be

24  no way for us, Judge, to determine whether or not this is an

25  accurate representation of whether or not Mr. Morris's

1    recollection is accurate.

2            Obviously, Mr. Morris is the defendant, Judge.  And

3    presuming that his recollection of what his sentence -- his

4    recollection is accurate, then he's correct, that would change

5    the -- the Guideline range in this matter because it would

6    change his criminal history category.

7            MR. BRESNICK:  Your Honor, for the record, could I be

8    certain what paragraph of the PSR we're referring to?

9            THE COURT:  Are you talking about paragraph 112,

10   Mr. --

11           MR. POWELL:  Page 20, Judge.

12           THE COURT:  Page 21?

13           MR. POWELL:  Page 20, Judge.

14           THE COURT:  And it's paragraph 112?

15           MR. POWELL:  Yes.

16           THE COURT:  You're suggesting -- Mr. Morris is

17   suggesting that that conviction is not a conviction that should

18   be counted in this?

19           MR. POWELL:  Well, Judge, the -- the record actually

20   indicates disorderly persons.  Disorderly persons offenses in

21   New Jersey are not crimes.  Crimes are --

22           THE COURT:  Well, it -- well, it also indicates

23   possession of cocaine, and the recitation of the facts outlines

24   that.

25           MR. POWELL:  Well, that -- that's correct, Judge, if

1    the original charge was possession of cocaine.  But even

2    possession of cocaine cases, Judge, can be remanded to the

3    Municipal Court in New Jersey and handled under 2C:35 -- under

4    2C:35-10a, under 2C:35-10c, which is failure to turn over, even

5    though it's an otherwise indictable offense (inaudible)

6    disorderly persons offense that the quantity is a non-

7    requirement.  And since the record itself indicates disorderly

8    persons, Judge, and a fine and no other penalty other than

9    probation, the maximum probation that one could receive for a

10   disorderly person in New Jersey is one year.

11            THE COURT:  Well, how -- how then, could he be

12   sentenced upon violation of the probation to three years?

13            MR. POWELL:  It seems to me, Judge, that he couldn't.

14   Either the record is inaccurate as to the sentence that was

15   imposed, or the record is inaccurate as to the nature of the

16   conviction.  But the two can't be accommodated, Judge.  It's

17   one or the other.

18            THE COURT:  Well, let's hear from the Probation

19   Office.

20            UNIDENTIFIED SPEAKER:  I do have the documents, Your

21   Honor.  I have the order dated January 22, 1999.  It's a

22   Superior Court of New Jersey discharging the defendant's

23   probation and sentencing him to a term of incarceration in a

24   State prison.  I also have a pre-sentence report.  All of the

25   documents were sent from the District of New Jersey.  I have

1   the indictment, the pre-sentence report, the judgment, the

2   parole, which Your Honor is welcome to look at or --

3            THE COURT:  Well, before --

4            UNIDENTIFIED SPEAKER:  -- the -- whoever wants to

5   look at it.

6            THE COURT:  -- before we go any further, counsel,

7   will you take a look at the documentation that the Probation

8   has and see whether we really have --

9            MR. POWELL:  That representation, however, Judge --

10           THE COURT:  -- an issue here?

11           MR.  POWELL:  That representation makes sense.  The

12  -- the Probation officer indicated that probation was

13  terminated and the defendant was then sentenced to three years

14  incarceration.  He was sentenced to three years incarceration

15  on a separate indictment from 1999.  And it would make sense

16  that the underlying disorderly persons probation would have

17  been dismissed because he would not be subject to the State

18  prison sentence for a violation of probation.

19           UNIDENTIFIED SPEAKER:  It said that probation was

20  revoked and then a term of incarceration was then imposed.

21  That's what it was.  (pause)

22           MR.  POWELL:  Judge, I just had a chance to speak with

23  Mr. Morris, and Mr. Morris disputes the accuracy of the record.

24  Even though the record indicates that the probation was

25  revoked, Mr. Morris indicates, Judge, that probation was

Powell - Argument                                          16

1    terminated.  That is that he paid the mandatory fines and that

2    his otherwise one-year period of probation, which would have

3    been the maximum that could be imposed for disorderly persons

4    offense, was -- was discharged as opposed to being revoked and

5    acquiring another sentence.  I don't know how that can be

6    resolved.  The document that Probation has supplied to me

7    indicates a conviction for a third-degree possession of

8    cocaine.  And it's not comporting with Mr. Morris's

9    recollection to what the disposition is.

10         THE COURT:  A third-degree possession of cocaine is

11   punishable by what?

12         MR. POWELL:  A maximum of five years in prison.

13         THE COURT:  All right.  All right.  We're going to

14   have the Probation Office make the records that we've been

15   discussing here a part of the record of these proceedings.  All

16   right.  Based upon the record as it presently stands, I am

17   compelled to conclude that the Guideline range that I mentioned

18   earlier is an accurate Guideline range, offense level 36,

19   criminal history category four, Guideline range of 262 to 327

20   months.  All right.  Counsel, was there anything more before I

21   formally impose sentence?

22         MR. POWELL:  I have nothing, Judge.

23         MR. BRESNICK:  No, Your Honor.

24         THE COURT:  You want to bring your client forward,

25   Mr. Powell and Mr. Thompson.  (pause)  Mr. Morris, I am going

1    to impose sentence on you in a few minutes.  Before I do that,

2    I will hear anything more you have to say.  I will indicate to

3    you that you have made several objections here at these

4    proceedings, as objections are part of the record, and you will

5    have the opportunity to convince the Third Circuit Court of

6    Appeals that your position is the proper position.  Other than

7    that, I will hear whatever more you want to say.

8              THE DEFENDANT:  I don't know what more I can say.  I

9    believe Mr. Baukman spoke in volumes for me, you know what I'm

10   saying, for me, as well as the other defendants who fought this

11   trial earnestly.  There's nothing more for me to say, you know

12   what I'm saying?  I look at the trial that -- you know what I'm

13   saying, it was a trial that wasn't perfect.  And -- and the

14   constitution doesn't afford me a perfect trial, but it was

15   fair, Your Honor.  And I thank you for that opportunity.

16   That's it.

17             Oh, one more.  I'd just like to -- before I go out, I

18   had a -- while I was incarcerated, I had a granddaughter.

19   She's 13 months now.  I just would like to -- I never -- I

20   never touched her.  I like the smell of babies.  I just want to

21   touch my baby.

22             THE COURT:  All right.  All right.  I've indicated

23   what the Guidelines are.  I've indicated what the mandatory

24   sentence is here.  The crimes that were committed here and for

25   which you are found guilty, Mr. Morris, are most serious

1     crimes.  The drug conspiracy that the jury found you to be a

2     part of was a multi-state operation.  Huge volumes of drugs

3     were being distributed.  Huge amounts of money were involved.

4     In fact, in -- in the search that was conducted at the Burden

5     Hill property, they found more than a half a million dollars in

6     cash packaged up, along with other indications of drug

7     distribution.  So the crimes that were involved here are of the

8     most serious nature.

9              The -- looking at your background, Mr. Morris, you

10    have seven prior convictions, eight arrests -- or five arrests

11    for which you were not convicted.  They were either dismissed

12    or evidence was suppressed.  So you have been involved in the

13    criminal justice system over an extended period of time.  It is

14    unfortunate that you find yourself here, really.

15             The indications are that you came from a pretty good

16    upbringing, and it would appear that you could have

17    accomplished a great deal in your life without getting involved

18    in the drug scene.  The indications are that you finished high

19    school.  You were going to go on to college.  You were going to

20    play football, I believe, in college.  Evidently an injury

21    curtailed that.  But it evidently also sent you down the course

22    and brought you into this courtroom ultimately, which is very

23    unfortunate because you didn't have to be here, Mr. Morris.

24    You were fully capable of being a productive citizen.  So it's

25    a tragedy in that regard.

The Court - Sentencing                                19

1          The sentence that I have to impose here is obviously

2     a sentence that's going to punish you.  It's going to protect

3     the public.  It's going to deter others from engaging in this

4     kind of conduct.  And I really don't have any options at this

5     juncture.  Go ahead.

6               THE DEFENDANT:  I'm going to respectfully ask that

7     you give me the 262 in case the light comes on.  I feel as

8     though that would protect the public.  And also, I look at that

9     as enough time to be rehabilitated, Your Honor.

10               THE COURT:  Well, Mr. -- Mr. Morris, I don't have any

11    options.  If the -- if this matter goes up to the Third Circuit

12    and if they decide that the life -- mandatory life sentence is

13    inappropriate, it will come back here to me for sentencing, and

14    I will hear -- hear what you have to say at that time.  But at

15    this juncture, I have no alternative.  All right?  (No audible

16    response)

17               Pursuant to the Sentencing Reform Act of 1984, it's

18    the judgment of this Court that you, James Morris, be committed

19    to the custody of the Bureau of Prisons to be incarcerated for

20    a term of life imprisonment on Count 1.  On Counts 52, 53, 54

21    and 55, the sentence is that you be incarcerated for a period

22    of 48 months on each count to run concurrently with each other

23    and concurrently with the sentence on Count 1.

24               Upon release from imprisonment, you're placed on

25    supervised release for a period of ten years.  The specific

1    conditions of supervised release are that you not possess

2    controlled substances, you not possess firearms, you not

3    violate any State, Federal or local laws.  I'm not going to

4    impose a fine.  No useful purpose would be served by that.  And

5    you are to pay the special assessments of $500.

6             Do you understand the sentence, Mr. Morris?

7             THE DEFENDANT:  Yes, I do, Your Honor.

8             MR. BRESNICK:  Pardon me, Your Honor.  I believe Your

9    Honor has to pronounce the forfeiture as part of the sentence

10   as well.

11            THE COURT:  The forfeiture will -- order will be

12   signed.

13            THE DEFENDANT:  I wrote a letter in reference to

14   that.  This alleviates from a forfeiture hearing?  It precludes

15   me from that, rather?  I'm -- I'm not entitled to a forfeiture

16   hearing?

17            THE COURT:  Do you have anything, Mr. Bresnick?

18            MR. BRESNICK:  Your Honor, the defendant would be

19   permitted to pursue whatever options are available to anyone

20   against forfeiture as --

21            THE COURT:  Well, there's no question about that --

22            MR. BRESNICK:  Right.

23            THE COURT:  -- but --

24            THE DEFENDANT:  The question is, am I precluded from

25   a forfeiture hearing?  That's --

The Court - Sentencing                    21

1          THE COURT:  No, you're not.

2          THE DEFENDANT:  Well, I -- I would like to have one.

3          THE COURT:  All right.  All right.  We will schedule

4     a forfeiture hearing.

5          MR. BRESNICK:  Well, I -- I'm not sure what the

6     proper process is, Your Honor, but whatever the process is, the

7     defendant would be entitled to it.

8          THE COURT:  Yes, indeed.  All right.  Mr. Morris, you

9     do have a right to appeal.  If you want to file an appeal, it

10    has to be filed within 14 days.  We'll give you an attorney

11    free of charge to file it.  You have indicated a desire to

12    appeal.  And you, just a few minutes ago, indicated that you

13    had actually talked to an attorney with regard to an appeal?

14         THE DEFENDANT:  Well, yeah, what I said is that I

15    wasn't aware of the 851 motion.  I tried to retain -- retain

16    Ms. Hope Lefeber for appeal, and she apprised me to this 851

17    motion.

18         THE COURT:  Well, is she representing your interest

19    on appeal or --

20         THE DEFENDANT:  No, no.  I believe Mr. Powell and Mr.

21    Thompson would.

22         THE COURT:  All right.  Mr. Powell --

23         MR. BRESNICK:  Well, Your --

24         THE COURT:  Go ahead.

25         MR. BRESNICK:  Your Honor, I'm only concerned because

The Court - Sentencing                                    22

1    the defendant just got up before the Court and alleged that

2    they were ineffective.  I'm not sure.

3                THE COURT:  There is certainly that -- that problem,

4    Mr. Morris.  You indicated a few minutes ago with regard to

5    that 851 motion that the -- your counsel were ineffective.

6                THE DEFENDANT:  Well, Your Honor, what I said -- what

7    I said is that if they were -- if they were apprised of it and

8    didn't make me aware of this, yeah, they were.  I'm not

9    recanting that, they were.  If they got this motion, they were.

10               THE COURT:  Well, what I'm going to do is this.  Mr.

11   Powell and Mr. Thompson, you file whatever appeal is necessary

12   in accordance with your client's request, and then we will deal

13   with counsel.

14               THE DEFENDANT:  Right.  You will have to deem if

15   they're ineffective or not, correct?

16               THE COURT:  Excuse me?

17               THE DEFENDANT:  You would have to deem that they're

18   ineffective or not, correct?

19               THE COURT:  Well, ultimately that may come before me,

20   yes.

21               THE DEFENDANT:  Yeah, yeah.

22               THE COURT:  All right.  Anything further?

23               MR. POWELL:  I don't have anything, Judge.

24               MR. BRESNICK:  No, Your Honor.

25               THE COURT:  Recess.

23

1          (Proceedings concluded at 10:13 a.m.)

2                      * * * * *

3

4              C E R T I F I C A T I O N

5

6       I, Brenda Boulden, court approved transcriber, certify

7    that the foregoing is a correct transcript from the official

8    electronic sound recording of the proceedings in the above-

9    entitled matter.

10

1    _____        _____

2    DATE                               BRENDA BOULDEN

3

4

5