# UNITED STATES DISTRICT COURT

Eastern   District of   Pennsylvania

UNITED STATES OF AMERICA   SECOND   **AMENDED JUDGMENT IN A CRIMINAL CASE**

**v.**

ALTON COLES

Case Number: DPAE2:05CR000440-001

USM Number: 59791-066

**Date of Original Judgment:** 4/23/2009 First Amended

(Or Date of Last Amended Judgment) Judgment

Christopher D. Warren, Esq.

Defendant's Attorney

**Reason for Amendment:**

☒ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant   ☐ 28 U.S.C. § 2255 or
   ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☒ was found guilty on count(s)   1, 2, 38, 40, 41, 43, 45 through 49, 50 through 55, 59, 60, 61, 62, 68, 69, 71, 77 through 86, and 176.
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:846 and 841(b)(1)(A) | Conspiracy to distribute five kilograms ot more of cocaine and 50 grams or more of cocaine base ("crack") | 8/31/2005 | 1 |
| 21:848(a) and (b)(1) | Continuing criminal enterprise | 8/10/2005 | 2 |
| 21:843(b) | Use of a communication facility to facilitate the distribution of cocaine or cocaine base ("crack") | 7/31/2005 | 38,41,43, and 45 through 48 |

The defendant is sentenced as provided in pages 2   through 12   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on count(s)   42, 56, 87, 88, 181, and 182

☒ Count(s) _____ 44, 183, 184 _____   ☐ is   ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/31/2014

Date of Imposition of Judgment

Signature of Judge

R. Barclay Surrick, U.S. District Judge

Name and Title of Judge

3/31/2014

Date

DEFENDANT:    ALTON COLES
CASE NUMBER:    05-440-1

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:841(a)(1), (b)(1)(C) | Distribution and possession with the intent to distribute cocaine or cocaine base ("crack") and aiding and abetting. | 8/10/2005 | 40 and 62 |
| 21:856(a)(2) and 18:2 | Maintaining a storage facility and aiding and abetting | 8/10/2005 | 49 and 61 |
| 18:922(g)(1) | Possession of a firearm by a convicted felon and aiding and abetting | 8/10/2005 | 59, 60, 69, 71 |
| 18:924(c)(1)(A) | Carrying a firearm during and in relation to a drug trafficking crime and aiding and abetting | 8/10/2005 | 68 |
| 18:1956(h) | Money laundering | 2/8/2006 | 77 and 80 |
| 18:1956(a)(1)(B)(I) | Money laundering with intent to conceal or disguise proceeds of drug trafficking and aiding and abetting | 8/10/2005 | 78, 79 and 176 |
| 31:5324(a)(3), (d) | Structuring | 7/29/2005 | 81 through 86 |
| 21:843(b) | Use of a communication facility to facilitate the distribution of cocaine or cocaine base ("crack") | 7/31/2005 | 50 through 55 |

*The convictions on Counts 70 and 72 were vacated by the Third Circuit Court of Appeals.

DEFENDANT:          ALTON COLES
CASE NUMBER:        05-440-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

SEE PAGE 4.

☐ The court makes the following recommendations to the Bureau of Prisons:

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐   at _____ ☐ a.m.   ☐ p.m.   on _____ .

   ☐   as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐   before 2 p.m. on _____ .

   ☐   as notified by the United States Marshal.

   ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:        ALTON COLES
CASE NUMBER:      05-440-1

## ADDITIONAL IMPRISONMENT TERMS

COUNTS 1 AND 2: LIFE[1]

COUNTS 38, 41, 43, 45 THROUGH 48 AND 50 THROUGH 55: 4 YEARS PER COUNT.

COUNTS 40 AND 62: 30 YEARS PER COUNT.

COUNTS 49 AND 61: 20 YEARS PER COUNT.

COUNTS 59, 60, 69 AND 71: 10 YEARS PER COUNT.

COUNTS 77 AND 80: 20 YEARS PER COUNT.

COUNTS 78, 79 AND 176: 20 YEARS PER COUNT.

COUNTS 81 THROUGH 86: 5 YEARS ON EACH COUNT.  ALL SUCH TERMS TO RUN CONCURRENTLY

COUNT 68 : 5 YEARS TO RUN CONSECUTIVELY.

**FOR A TOTAL TERM OF IMPRISONMENT OF: LIFE PLUS 5 YEARS.**

---

[1]The conviction on Count One was vacated pursuant to <u>Rutledge v. United States</u> 517 U.S. 292 (1996).

DEFENDANT:         ALTON COLES
CASE NUMBER:       05-440-1

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

ONE YEAR PER COUNT ON COUNTS 38, 41, 43, 45 THROUGH 48 AND 50 THROUGH 55.
6 YEARS PER COUNT ON COUNTS 40 AND 62.
3 YEARS PER COUNT ON COUNTS 49, 59, 60, 61, 69, 71, 77 THROUGH 86 AND 176.
5 YEARS ON COUNT 68.  ALL SUCH TERMS ARE TO RUN CONCURRENTLY.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:      ALTON COLES
CASE NUMBER:      05-440-1

## ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

2 . The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any fine or restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the fine or restitution obligation or otherwise has the express approval of the Court.

DEFENDANT:          ALTON COLES
CASE NUMBER:        05-440-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 3,400.00 | $ 0.00 | $ 0.00 |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |

| **TOTALS** | $ _____ 0 | $ _____ 0 |  |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   X   the interest requirement is waived for the      X  fine    ☐  restitution.

   ☐   the interest requirement for the      ☐  fine    ☐  restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page ___8___ of ___12___

DEFENDANT:        ALTON COLES
CASE NUMBER:      05-440-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  X  Lump sum payment of $ ___3,400.00___ due immediately, balance due

☐ not later than _____ , or
☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐ C,    ☐ D, or    ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

X The defendant shall forfeit the defendant's interest in the following property to the United States:
SEE PAGES 9 THROUGH 12.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT:        ALTON COLES
CASE NUMBER:      05-440

## ADDITIONAL FORFEITED PROPERTY

II.    <u>Specific Properties Subject to Forfeiture</u>

   a.    **A Baikal, Model IJ-70, .380 caliber semi-automatic pistol, serial number A013845, loaded with four live rounds of ammunition;**

   b.    **A Ruger, Model GP100, .357 caliber revolver, serial number 1790-73433, loaded with six live rounds of ammunition;**

   c.    **A Ruger, Model P93DC, 9 millimeter pistol, serial number 306-01790, loaded with 12 live rounds of ammunition;**

   d.    **A Radom, Model 35, caliber 9 millimeter, semi-automatic pistol, serial number A8512;**

   e.    **A Baretta, caliber 9 millimeter, semi-automatic pistol, serial number 082733MC, loaded with seven rounds of live ammunition;**

   f.    **A silver and black Smith & Wesson 9 millimeter semi-automatic handgun, serial number TEU8998, loaded with four rounds of live ammunition;**

   g.    **A Glock, Model 23, caliber .40 Smith & Wesson, semi-automatic pistol, serial number AFB794US loaded with 9 rounds of live ammunition;**

## FORFEITURE CONTINUED

h.  Ingram 9 millimeter semi-automatic handgun, Model M11, serial number 85-0006193, loaded with 29 live rounds of 9 millimeter ammunition;

I.  Full Metal Jacket 9 millimeter semi-automatic handgun, Model CM-11, serial number obliterated, loaded with 30 live rounds of 9 millimeter ammunition;

j.  Taurus .38 caliber revolver, Model 85, serial number SE28453, loaded with 5 live rounds of .38 caliber ammunition;

k.  Smith & Wesson 9 millimeter semi-automatic handgun, Model 910, serial number VKN4799, loaded with 10 live rounds of ammunition;

l.  Auto Ordnance .45 caliber semi-automatic handgun, Model 1911 A1, serial number AOC43338, loaded with seven live rounds of ammunition;

m.  .223 caliber Ruger rifle, Model Mini-14, serial number 186-76850;

n.  Mossberg 12-gauge shotgun, Model 500A, serial number P219487, and two 12-gauge rounds of live ammunition;

o.  9 millimeter Hi-Point rifle, Model 995, serial number A80874, loaded with 10 live rounds of 9 millimeter ammunition;

p.  9 millimeter Intratec semi-automatic handgun, Model Tec-DC9, serial number obliterated;

q.  9 millimeter Leinad semi-automatic handgun, serial number 94-0019957, and a magazine containing 32 live rounds of 9 millimeter ammunition;

r.  .22 caliber Stoeger Arms semi-automatic handgun, Model .22 caliber Luger, serial number 31336, loaded with 11 live rounds of .22 caliber ammunition;

s.  .357 Dan Wesson handgun, Model .357 Magnum revolver, serial number 27755, loaded with six live rounds of ammunition;

t.  9 millimeter Smith & Wesson semi-automatic handgun, Model SW9M, serial number KAA2149;

u.  .22 magnum Davis Industries handgun, Model DW-22, serial number 210164, and one live round of .22 caliber ammunition;

v.  9 millimeter Feg semi-automatic handgun, Model PJK-9HP, serial number B92735, loaded with 2 live rounds of 9 millimeter ammunition;

w.  Glock 9 millimeter semi-automatic handgun, Model 19, serial number GM253US, loaded with 16 live rounds of 9 millimeter ammunition;

x.  377 additional live rounds of 9 millimeter ammunition;

FORFEITURE CONTINUED

y.    6 additional live rounds of .357 ammunition; and

z.    1 additional live round of .22 caliber ammunition;

aa.   One Jennings, Model Jennings Nine, nine millimeter semi-auto pistol,
      serial number 1312329, with three live rounds of ammunition;

bb.   One Jennings, Model 38, .32 semi-automatic pistol, serial number
      1172210;

cc.   One Dan Wesson Arms, Model F-Arms, .357 magnum revolver, serial
      number 304533, with five live rounds of ammunition;

dd.   One Norinco, Model 1911A1, .45 semi-auto pistol, s/n 618962, with
      eight rounds of ammunition;

ee.   One Mossberg, Model 500A, 12 gauge shotgun, s/n L606196, with six
      live rounds of ammunition;

ff.   One Sturm Roger empty magazine;

gg.   One box of 50 Federal .22 caliber cartridges;

hh.   One box of UMC .40 caliber S&W, with nine rounds of ammunition;

ii.   One box of Remington 12 gauge shot gun shells, with 12 shells;

jj.   One box of Federal .22 caliber, with 38 cartridges;

kk.   One magazine containing seven .32 caliber cartridges;

ll.   One empty Glock gun box, for a Glock, Model 32, .357 caliber, serial
      number E MM544US;

mm.   One box of Speer .357 Sig ammunition, containing 29 cartridges;

nn.   One box, UMC .25 Auto ammunition, containing 41 cartridges;

oo.   One box, American Eagle .380 Auto ammunition, containing 11
      cartridges.

pp.   2001 *Mercedes S430, TAG EYA4091, VIN# WDBNG70591A220346*

qq.   1999 Bently, NJ Tag PJZ-90F, Vin# SCBLB51E8XCX02819

rr.   2000 Ford Excursion, Nin# 1EMNU41S1Y3A6

ss.   $162,262.86 U.S. currency, representing the amount used and invested
      in Count 176

tt.   $114,780 U.S. currency seized in 292 Mannington Road, Woodstown
      NJ, on or about August 10, 2005

uu.   $160 U.S. currency seized in 117 Dillons Lane, Mullica Hill, NJ

## FORFEITURE CONTINUED

vv.  **$229,900 U.S. currency, located in a safety deposit box in Woodstown, Salem County NJ**

ww.  **117 Dillon's Lane, Mullica Hill, NJ or approximately or $490,000 U.S. currency, being the gross proceeds of its sale**

xx.  **292 Mannington-Yorktown Road, Woodstown, NJ**

yy.  **2079 East Somerset Street, Philadelphia, PA**

zz.  **118 South 46th Street, Philadelphia**

aaa.  **5744 Tackawanna Street, Philadelphia.**