# RBS

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**14    4416**

| | | |
|---|---|---|
| KEENAN BROWN, | ) | Civil No. _____ |
| Petitioner, | ) | Crim. No. 05-00440-04 |
| | ) | Judge Surrick |
| –vs– | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MOTION TO VACATE |
| Respondent. | ) | CONVICTION AND SENTENCE |
| | ) | UNDER 28 U.S.C. SECTION |
| | ) | 2255 |

Now comes Keenan Brown (hereinafter "Petitioner"), acting in pro per, and moves to vacate his conviction and sentence under 28 U.S.C. section 2255, which provides:

> "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United states... may move the Court which imposed the sentence to vacate, set aside or correct the sentence."

A brief in support of said motion is attached hereto and incorporated herein by reference.

Respectfully submitted,

**RECEIVED**

**JUL 23 2014**

_____

Keenan Brown
Reg. No. 60002-066
Petitioner in pro per
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

## BRIEF

On October 5, 2005, a grand jury returned an indictment charging Petitioner with various crimes. Superseding indictments were filed on January 11, 2006, January 20, 2006, February 1, 2006, and March 22, 2006. Finally, on February 21, 2007, a fifth superseding indictment

was returned.

Petitioner was charged with conspiracy to distribute cocaine (Count 1), distribution of cocaine (Count 9), and using a communication facility to further a drug transaction (Count 11).

Petitioner went to trial and was found guilty on December 5, 2008. On May 7, 2009, the Court sentenced Petitioner to life on Count 1, ten years on Count 2, and four years on Count 11. All sentences were concurrent .

Petitioner now moves for relief under 28 U.S.C. Section 2255.

## I.  PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO HAVE EFFECTIVE ASSISTANCE OF COUNSEL FOR HIS DEFENSE.

### A. Counsel provided ineffective assistance during the plea bargain negotiation process.

The United States Constitution guarantees that a defendant in a criminal case is entitled to have effective assistance of counsel. Glasser v. United States, 315 U.S. 60 (1942); McMann v. Richardson, 397 U.S. 759,771 n.14 (1970) (Sixth Amendment right to counsel is right to effective assistance of counsel).

Plea bargaining is a critical stage of the criminal process which requires the effective assistance of counsel in determining how to plead. Gallarelli v. United States, 441 F.2d 1402,1405 (3rd Cir. 1971) (footnote omitted); Colson v. Smith, 438 F.2d 1075,1078 (5th Cir. 1971); United States ex rel. Caruso v. Zelinsky, 689 F.2d 435,438 (3rd Cir. 1982); United States v. Day, 969 F.2d 39,43 (3rd Cir. 1992); United States v. Leonti, 326 F.3d 1111,1116-17 (9th Cir. 2003).

In Tollett v. Henderson, 411 U.S. 258,268 (1973), the Supreme Court

2.

recognized that a "prospect of plea bargaining," among other things, is a consideration that "might well suggest the advisability of a guilty plea..." Also see Turner v. State of Tennessee, 664 F.Supp. 1113, 1119 (M.D. Tenn. 1987), aff'd 858 F.2d 1201,1205 (6th Cir. 1988) ("[v]irtually all are forced with the decision whether to plead or to go to trial -- probably the most important single decision in any criminal case."); Jones v. Barnes, 463 U.S. 745,751 (1993) (decision whether to plead guilty one of four "fundamental decisions" facing a defendant in the criminal process).

The Strickland two-part test is applicable to a case in which a defendant contends that his counsel was constitutionally inadequate during the guilty plea process. Hill v. Lockhart, 474 U.S. 52,58 (1985).[1/] This well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice . See Strickland v. Washington, 466 U.S. 668 (1984). More specifically, to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probalility that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 688,696. See also Bell

---

1/ Although Hill was decided in the context of a defendant who pled guilty, it is equally applicable to situations in which a defendant did not plead guilty but alleges that he would have done so but for ineffective assistance of counsel during the plea process. See Nunes v. Mueller, 350 F.3d 1045,1052-53 (9th Cir. 2003).

v. Cone, 535 U.S. 685,695 (2002).

The period from the arraignment extending to the beginning of trial is "perhaps the most critical period of the proceedings." Nunes v. Mueller, 350 F.3d 1045,1052 (9th Cir. 2003) (citing Powell v. Alabama, 287 U.S. 45,57 (1932). The American Bar Association's standard in its Model Code of Professional Responsibility, Ethical Consideration 7-7 (1992) States:

> A defense lawyer in a critical case has the duty to advise his client fully on whether a particular plea to a charge appears to be desirable. (Emphasis added).

Anthony G. Amsterdam, in Trial Manual 5 for the Defense of Criminal Cases (1988), discusses the issue in more detail:

> The decision whether to plead guilty or contest a criminal charge is ordinarily the most important single decision in any criminal case. This decision must ultimately be left to the client's wishes. Counsel cannot plead a client guilty or not guilty, against the client's will. [citation omitted]. But counsel may and must give the client the benefit of counsel's professional advice on this critical decision; and often counsel can protect the client from disaster only by using a considerable amount of persuasion to convince the client that a plea which the client instinctively disfavors is, in fact, in his or her best interest. This persuasion is most often needed to convince the client that s/he should plead guilty in a case in which a not guilty plea would be destructive. Section 201 at 339 (the word "must" was emphasized by the author; otherwise, the emphasis is the Second Circuit's).

Boria v. Keane, 99 F.3d 492 (2nd Cir. 1996).

More recently, in Lafler v. Cooper, 132 S.Ct. 1376 (2011), the Supreme Court ruled on an ineffective claim regarding a plea. Cooper was charged under Michigan law with assault with intent to murder and three other offenses. The prosecution offered to dismiss two of the

charges and to recommend a 51 to 85 month sentence on the other two,
in exchange for a guilty plea. In a communication with the court,
Cooper admitted his guilt and expressed a willingness to accept the
offer. But he rejected the offer, allegedly after his attorney convinced
him that the prosecution would be unable to establish intent to murder
because the victim had been shot below the waist. At trial, Cooper
was convicted on all counts and received a mandatory minimum 185 to
360 month sentence. In a subsequent hearing, the state trial court
rejected Cooper's claim that his attorney's advice to reject the plea
constituted ineffective assistance. The Michigan Court of Appeals
affirmed, rejecting the ineffective-assistance claim on the ground
that Cooper knowingly and intelligently turned down the plea offer
and chose to go to trial. Cooper renewed his claim in federal habeas.
Finding that the state appellate court had unreasonably applied the
constitutional effective assistance standards laid out in Strickland
v. Washington, and Hill v. Lockhart, the District Court granted a
conditional writ granting relief. The Sixth Circuit affirmed. Applying
Strickland, it found that counsel had provided deficient performance
by advising Cooper of an incorrect legal rule, and that Cooper suffered
prejudice because he lost the opportunity to take the more favorable
sentence offered in the plea. The Supreme Court granted certiorari and
agreed with the Sixth Circuit.

The present case is very similar to the Lafler case. Prior to trial
Petitioner's counsel advised him that he did not believe that Petitioner's
prior convictions could be used to enhance his sentence under 21 USC

5.

Section 851 because they were part of the instant offense charged in the conspiracy as overt acts. Therefore, they were not prior convictions. (Exhibit A). This information supplied by counsel interferred with the plea bargain negotiation process. If Petitioner had known prior to trial that this information was incorrect and his prior convictions could be used for 851 purposes, he would have accepted the government's plea offer instead of proceeding to trial. Id. Thus, counsel provided ineffective assistance of counsel during the plea bargain negotiation process. Counsel should have researched this issue before trial in order to provide effective assistance of counsel during the plea bargain stage. Like the defendant in the Lafler case, counsel provided deficient performance by advising Petitioner of an incorrect legal defense to his prior convictions, and like the defendant in the Lafler case, Petitioner suffered prejudice because he lost the opportunity to take the more favorable sentence offered in the plea. See also United States v. Gordon, 156 F.3d 376, 379 (2d Cir. 1998) (per curiam) (stating that defendant's Sixth Amendment right attaches at the initiation of formal charges and extends to "all critical stages in the proceedings including plea negotiations"). Petitioner would have received a much shorter sentence under the plea agreement than the sentence he received of life without parole. Such a disparity in sentencing exposure, along with Petitioner's affidavit warrants an evidentiary hearing. See Gordon, ("We agree that such a disparity provides sufficient objective evidence -- when conbined with petitioner's statement -- to support a finding of prejudice under Strickland."); Raysor v. United States, 647 F.3d 491

6.

(2d Cir. 2011).

Based on the above, Petitioner's conviction should be vacated with the opportunity to plead anew. Alternatively, this Court should grant an evidentiary hearing.

### B. Petitioner's counsel was ineffective when he failed to give petitioner any advice or suggestion on how to deal with an offered plea bargain.

Petitioner was originally offered a ten year plea bargain and he signed it. When he was brought to Court for a change of plea hearing he was advised that the original plea was not accepted by the government's supervisors and now a different plea was being offered. This all happened in a matter of minutes. During the plea colloquy Petitioner backed out of the plea because he was getting confused with the entire situation. The Court advised Petitioner to consult with his attorney. After a brief meeting with his attorney Petitioner rejected the new plea. This resulted in Petitioner receiving ineffective assistance of counsel. (See sentencing transcript at 15-18).

In Boria v. Keane, 99 F.3d 492 (2d Cir. 1996), the Petitioner's counsel testified during an evidentiary hearing regarding a plea bargain, that he had not in any way or at any time discussed with the Petitioner the advisability of accepting or rejecting the offered plea. He testified that, after advising Petitioner that a rejection of the plea would be final in the sense that an expected superseding indictment would eliminate all possibility of a minimal sentence, he kept discussing with Petitioner strategies he planned to follow in defending against the new indictment.

7.

His testimony made clear that, although he never suggested such a thought to Petitioner, it was his own view that his client's decision to reject the plea bargain was suicidal. He sought to justify his conduct by asserting that he was certain that the Petitioner would never admit his guilt or accept a plea. He said he had confirmed in this certainty by the Petitioner's repeated assertion that accepting a plea would embarrass him in front of his children. For example, the lawyer testified: "He would be very upset about the plea. He was upset about how he would bring up the subject in a context often about his children."

Counsel admitted that he had been aware that his client -- like any other person -- was capable of changing his mind. Yet he did nothing to persuade either his client or the father by whom he had been retained of the absurdity of a decision to risk years of prison separation from his family to avoid a few hours of embarrassment "in front of his children."

The same is true in this case. Once there was two different pleas on the table, and the hearing was stopped, counsel did nothing to persuade Petitioner that he was on a suicide course by not accepting the plea. He spent a few minutes after the hearing was stopped to explain the new maximum and minimum sentences that he faced. He failed to give Petitioner any advice or suggestion on how to deal with the new proffered plea bargain. If counsel had advised Petitioner that he was on a suicide course by taking this case to trial, Petitioner would have accepted the government's proposed plea bargain. (Exhibit A).

8.

Based on the above, Petitioner's conviction should be vacated with the opportunity to plead anew. Alternatively, this Court should grant an evidetiary hearing.

### C. Counsel was ineffective at sentencing.

Sentencing is one of the most important stages of the criminal process which requires the effective assistance of counsel. United States v. Mateo, 950 F.2d 44 (1st Cir. 1991).

Section 851 (c) (1) requires a hearing when the defendant files a written response to the information in which he denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid.

In this case, counsel provided ineffective assistance of counsel by failing to object to the presentence investigation report regarding Petitioner's prior convictions and failing to request a hearing under 851 (c)(1). There is case law that supports counsel's position that Petitioner's prior convictions could not be used under 851 because they were charged as overt acts in support of the conspiracy and were not prior convictions. See United States v. Purcell, 667 F.Supp. 498, 502 and note 5 (E.D. Penn. 2009) (Prior to sentencing, the United States Probation Office determined that the 1988 and 1989 convictions listed in defendant's 851 Information were related... The offense which gave rise to the 1988 conviction -- distribution of methaphetamine -- formed part of the conspiracy to distribute P2P and to manufacture methamphetamine which was the basis of the 1989 conviction); United States v. Geer, 320 F.Supp. 2d 1335 (S.D. Fla 2004) (Based upon the

9.

evidence presented at sentencing, the Court finds that the overt acts which Geer took in furtherance of the Blanco organization are inclusive of the overt acts he took in furtherance of the Barlow conspiracy. Therefore, they are related for 851 purposes). Thus, counsel provided ineffective assistance of counsel at sentencing. Moreover, Petitioner can establish prejudice because he would not have received a sentence of life without parole if his prior convictions were considered related.

Based on all of the above, Petitioner's sentence should be vacated and he should be resentenced. Alternatively, this Court should grant an evidentiary hearing regarding this issue.

RELIEF

WHEREFORE, in light of the above, Petitioner respectively requests the following relief:

1) Appoint counsel to represent Petitioner and file a supplemental brief;

2) Order an evidentiary hearing;

3) Vacate Petitioner's conviction and renew pretrial bargaining; or

4) Vacate Petitioner's sentence and order him resentenced; and

5) Grant Petitioner such further relief as this Court deems fair and just.

Respectfully submitted,

Keenan Brown

Keenan Brown
Reg. No. 60002-066
Petitioner in pro per
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

## DECLARATION

I declare under penalty of perjury that the above is true and correct to the best of my knowledge and information, pursuant to 28 U.S.C. Section 1746.

*Keenan Brown*
Keenan Brown

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing this 14th day of July, 2014, was served upon the following:

Michael Bresnick
U.S. Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476

*Keenan Brown*
Keenan Brown

11.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEENAN BROWN, | ) | Civil No. _____ |
| Petitioner, | ) | Crim. No. 05-00440-04 |
| | ) | Judge Surrick |
| -vs- | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | AFFIDAVIT OF |
| Respondent. | ) | KEENAN BROWN |

I, Keenan Brown, hereby depose and state the following:

1) I am the Defendant- Petitioner in the above entitled case.

2) I was represented at trial by Elliott Cohen.

3) Prior to trial I was told by my attorney that he did not believe that my prior convictions could be used to enhance my sentence under 21 USC Section 851 because they were part of the instant offense charged in the conspiracy as overt acts. Therefore, they were not prior convictions.

4) If I had known prior to trial that this information was incorrect and my prior convictions could be used for 851 purposes, I would have accepted the government's plea offer instead of proceeding to trial.

5) The government originally offered me a ten year plea bargain which I signed.

6) After I was brought to Court for a change of plea hearing I was advised by my attorney that the original plea was not accepted by the government's supervisors and a different plea was being offered. This all happened in a matter of minutes. We then went into Court for a change of plea hearing.

7) During the plea colloquy I backed out of the plea because everything was happening so fast and I was getting confused with the entire situation. This Court then advised me to consult with my attorney.

8) After a brief meeting with my attorney I rejected the new plea because counsel did nothing to persuade me that I was on a suicide course by not accepting the plea. Counsel spent a few minutes after the hearing was stopped to explain the new maximum and minimum sentences that I faced. He failed to give me any advice or suggestion on how to deal with the new proffered plea bargain.

9) If my counsel had advised me that I was on a suicide course by

taking this case to trial, I would have accepted the government's proposed plea bargain.

Signed under the penalties of perjury this 14Th day of July, 2014. See 28 USC Section 1746.

Keenan Brown

Keenan Brown