IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | CRIMINAL NO. 05-440-09 |
| HAKIEM JOHNSON : | |
| | |
| HAKIEM JOHNSON : | |
| v. : | CIVIL NO. 14-7127 |
| TERRY O'BRIEN, Warden : | |

### ORDER

AND NOW, this        day of         , 2015, upon consideration of the defendant's motion under 28 U.S.C. § 2255, and the government's response to that motion, it is hereby

ORDERED

that the motion is dismissed as untimely.

BY THE COURT:

_____
The Honorable R. Barclay Surrick
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | CRIMINAL NO. 05-440-09 |
| HAKIEM JOHNSON : | |
| | |
| HAKIEM JOHNSON : | |
| v. : | CIVIL NO. 14-7127 |
| TERRY O'BRIEN, Warden : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255

Defendant Hakiem Johnson's motion for relief under 28 U.S.C. § 2255 should be dismissed as untimely.

Johnson filed his motion in the Northern District of West Virginia, where he is confined, under 28 U.S.C. § 2241. That court correctly determined that Section 2241 is not an available basis for relief, since Johnson is challenging his conviction, not the conditions of his confinement. It asked Johnson if he wished to have the motion converted to one under Section 2255, and Johnson attested that he did. *See* No. 14-cv-006 (N.D. W. Va.), docket entries 14, 15. The West Virginia court then transferred the matter to this Court.

The 2255 motion concerns Johnson's conviction in this Court. On August 8, 2008, Johnson entered a guilty plea in this Court to two counts of the Fifth Superseding Indictment. Specifically, he pled guilty to Count 1, charging conspiracy to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. §§ 846 and 841(a)(1)(A), and Count 65, charging possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c). On June 19, 2009, the Court sentenced Johnson to 120 months' imprisonment on Count 1, and a consecutive term of 60 months' imprisonment on Count 65.

Johnson did not file a direct appeal, or any timely motion for relief under Section 2255.

On January 21, 2014, Johnson filed in the Northern District of West Virginia the motion now before this Court. In it, he argues that his convictions violated double jeopardy. First, he asserts that the prosecution for conspiracy in Count 1 fails because he was convicted in state court in 2004 for conspiracy to distribute drugs. He adds that the 924(c) conviction in Count 65 must then fail because it is predicated on Count 1. Second, Johnson asserts that the government violated double jeopardy by dismissing the charge in Count 58 (which alleged possession of cocaine with intent to distribute on January 21, 2003), and then seeking to introduce evidence of that conduct in support of the conspiracy charge. Johnson also suggests a variety of claims of ineffective assistance of counsel, asserting, for instance, that his attorney failed to file a timely notice of appeal.

- 2 -

The motion under Section 2255 is untimely. Under 28 U.S.C. § 2255(f), a motion to vacate, set aside, or correct a sentence must be asserted within one year of the date that the judgment becomes final. The Third Circuit has held that, "if a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitations begins to run on the date on which the time for filing such an appeal expired." *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999).

In this case, the Court's judgment was entered on June 19, 2009. Under the version of Federal Rule of Appellate Procedure 4(b) in effect at the time (which allowed for 10 days to file a notice of appeal, not including weekends), he had until Friday, July 3, 2009, to present an appeal. As he did not do so, his one-year period to file a motion under Section 2255 expired on Tuesday, July 6, 2010.[1] Johnson did not file his motion until 3½ years later.

The "savings clause" of Section 2255, which allows recourse under Section 2241 and to which Johnson resorted, does not assist him, as the West Virginia court correctly held. The savings clause applies where the 2255 remedy is ineffective to address the petitioner's claim, not where the petitioner fails to personally comply with Section 2255's procedural requirements. *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538-39 (3d Cir. 2002) (per curiam). Thus, a 2255 motion "is not inadequate or ineffective merely because the sentencing

---

[1] The period expired on July 3, 2010, but that was a Saturday, and the ensuing weekday, Monday, July 5, was a federal holiday because the Fourth of July fell on a Sunday.

- 3 -

court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.*[2]

In the Northern District of West Virginia, the magistrate judge speculated that Johnson might avoid the time limit if he established that his attorney was ineffective in failing to file a timely direct appeal, such that this Court may reinstate the judgment and restart the time to appeal. That is incorrect. To gain this relief, Johnson needed to file a timely 2255 motion making the ineffective assistance claim. He had a full year to do so; he waited 4½ years. By the plain terms of Section 2255, his motion cannot be considered.

The motion is frivolous in any event, for multiple reasons. First, Johnson waived any double jeopardy claim by pleading guilty. *United States v. Broce*, 488 U.S. 563, 570-71 (1989). Second, the conspiracy charge in Count 1 (and by extension the 924(c) charge in Count 65) did not violate double jeopardy because any state conspiracy conviction cannot foreclose a federal charge. *See Heath v. Alabama,* 474 U.S. 82, 88 (1985) ("The dual sovereignty doctrine, as originally articulated and consistently applied by this Court, compels the conclusion that successive prosecutions by two States for the same conduct are not barred by the

---

[2] A 2241 motion may only be litigated in the district of confinement. *Rumsfeld v. Padilla*, 542 U. S. 426, 447 (2004). The Third Circuit has held that a defendant who is barred from filing a successive Section 2255 petition may seek relief under Section 2241 where his conduct may no longer be criminal due to a statutory interpretation issued after his Section 2255 proceeding has concluded. *See In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). Johnson raises no such circumstance.

- 4 -

- 5 -

Double Jeopardy Clause."). And in fact, the state charge involved far narrower allegations than the multi-year conspiracy prosecuted by the federal government. Finally, Johnson's claim that the dismissal of Count 58 precluded introduction of evidence supporting that charge to prove the conspiracy is frivolous, both as unsupported by law, and because Johnson pled guilty and the government in fact never introduced any evidence at a trial to prove his guilt.

In sum, Johnson's untimely motion under Section 2255 should be dismissed.

                Respectfully yours,

                ZANE DAVID MEMEGER
                United States Attorney

                */s Robert A. Zauzmer*
                ROBERT A. ZAUZMER
                Assistant United States Attorney
                Chief of Appeals

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading has been served by first-class mail, postage prepaid, upon:

>Mr. Hakiem Johnson
>No. 60389-066
>USP Hazelton
>P.O. Box 2000
>Bruceton Mills, WV  26525

>*/s Robert A. Zauzmer*
>ROBERT A. ZAUZMER
>Assistant United States Attorney

Dated:  January 6, 2015.