IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION NO. 05-440-9 |
| v. : | |
| : | CIVIL ACTION NO. 14-7127 |
| HAKIEM JOHNSON : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                           **MARCH  18 , 2015**

      Presently before the Court is Petitioner Hakiem Johnson's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1634).  For the following reasons, the Motion will be denied.

**I.      BACKGROUND**

      On February 21, 2007, a grand jury returned a 194-count Fifth Superseding Indictment charging Petitioner Hakiem Johnson and twenty-one co-defendants.  (ECF No. 295.)  Petitioner was charged with conspiracy to distribute 50 grams or more of cocaine base ("crack") and 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) (Count 1); use of a communication facility to facilitate the distribution of narcotics, in violation of 21 U.S.C. § 843(b) (Counts 50, 51); possession with intent to distribute narcotics, in violation of 21 U.S.C. § 841(a)(1) (Counts 58, 64); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 65); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 66).  (*Id.*)

      On August 8, 2008, Defendant entered a plea of guilty to Counts 1 and 65.  (Min. Entry, ECF No. 934; *see also* ECF Nos. 933, 935).  Count 1 carried a mandatory minimum sentence of 10 years.  Count 65 carried a mandatory minimum sentence of five years, to run consecutively to

Count 1.  The plea was pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, with an agreed upon sentence of 15 years (180 months) incarceration.  On June 19, 2009, the Court imposed the 180-month sentence.  (Min. Entry, ECF No. 1130; *see also* ECF No. 1131.)  No appeal was filed.

Petitioner filed the instant Motion on January 21, 2014, as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in the United States District Court for the Northern District of West Virginia, where he was incarcerated.  *See Johnson v. O'Brien*, Civ. No. 14-00006 (N.D. W.Va., filed Jan. 21, 2014), at ECF No. 1.  On December 15, 2014, the Northern West Virginia District Court entered an Order adopting the Report and Recommendation ("R&R") of Magistrate Judge James Seibert.  The court ordered that the Petitioner's motion under § 2241 be construed as a motion under § 2255 and that the motion be transferred to this Court.  *Id*. at ECF No. 18.  The Motion was transferred to this Court and filed on Petitioner's criminal docket.  (Pet'r's Mot., ECF No. 1634.)  On January 5, 2015, the Government filed a response to the Motion.  (Gov't's Resp., ECF No. 1632.)  On March 9, 2015, Petitioner filed a Reply.  (Pet'r's Reply, ECF No. 1646.)

**II.     LEGAL STANDARD**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct a sentence "upon the ground[s] that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  Relief under this provision is generally available "to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the

rudimentary demands of fair procedure." *United States v. DeLuca*, 889 F.2d 503, 506 (3d Cir. 1989).

While the Court may in its discretion hold an evidentiary hearing on a § 2255 petition, *Gov't of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989), such a hearing need not be held if the "motion and the files and records conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992).

## III.    DISCUSSION

In his Motion, Petitioner contends that his convictions on Counts 1 and 65 violate his rights against double jeopardy, and that his trial counsel was ineffective for not seeking to dismiss the counts and for not filing an appeal of his conviction. Petitioner's claims are frivolous.

We review Petitioner's Motion as a § 2255 motion. It is apparent from a review of the Motion that Petitioner seeks to attack his conviction. Section 2255 is the primary means for collaterally attacking convictions and sentences by federal prisoners, like Petitioner. *Fraser v. Zenk*, 90 F. App'x 428, 430 (3d Cir. 2004). Section 2241 is available for prisoners only when § 2255 is inadequate to remedy a miscarriage of justice. *Id*.

### A.    Timeliness of Petitioner's Motion

A one-year statute of limitations applies to § 2255 motions. 28 U.S.C. § 2255(f). Section 2255(f) provides that a motion to vacate must be filed within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner does not argue that subsections (2) through (4) of § 2255(f) apply to his claims. Therefore, under subsection (1), the one-year statute of limitations began to run on the date that his judgment became final. A conviction becomes final for purposes of § 2255 when all appeals are exhausted. *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). Here, judgment was entered against Petitioner on June 19, 2009. Petitioner had fourteen days, or until July 3, 2009, to file an appeal. *See* Fed. R. App. P. 4(b). He did not file an appeal. The limitations period began to run on July 3, 2009, when the time to appeal lapsed, and concluded on July 3, 2010, one year later. Petitioner did not file his § 2255 motion until January 21, 2014, more than three and a half years after the deadline passed. Petitioner's Motion is untimely. *See United States v. Isaac*, No. 07-2446, 2007 U.S. Dist. LEXIS 66917, at *5 (E.D. Pa. Sept. 10, 2007) (dismissing as untimely § 2255 motion in its entirety, including claims for ineffective assistance of counsel, where motion was filed more than three years after the one-year statute of limitations had expired).

Petitioner does not provide any reasonable explanation as to why the Motion was filed over three years late.[1] Nor does Petitioner argue that the limitations period should be equitably tolled. Generally, equitable tolling permits untimely habeas filings in "extraordinary situations." *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). A petitioner may seek an exception from the one-year timeframe if he can establish: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely

---

[1] Petitioner simply asserts that his attorney was ineffective for failing to raise the double jeopardy issue on appeal and that he did not file a § 2255 application because he was in the Special Housing Unit ("SHU") for a year.

4

filing." *Id.* (internal quotation marks omitted). Petitioner fails to explain why the Motion is over three years late. Petitioner has filed multiple *pro se* pleadings during his criminal case, including at least two *pro se* interlocutory appeals. (*See* ECF Nos. 794, 903.) He certainly knew how to file motions and appeals. There is no evidence that he was pursuing his rights diligently, let alone that some extraordinary circumstance prevented him from filing an appeal or a collateral attack. Petitioner's Motion is time-barred.

In any event, Petitioner's argument that his conviction violated the Double Jeopardy Clause is without merit. Petitioner contends that double jeopardy principles require that his conviction on Count 1 for drug conspiracy be vacated in light of a 2004 conviction in state court for criminal conspiracy with intent to deliver a controlled substance. (Pet'r's Reply 4; Pet'r's Mem. 4, ECF No. 1634.) Even if Petitioner is correct that his state court conspiracy conviction and his federal court conspiracy conviction are based on the "same offense," the dual sovereignty doctrine permits punishment from both jurisdictions. Under this doctrine, "a state prosecution does not bar a subsequent federal prosecution for the same conduct." *United States v. Piekarsky*, 687 F.3d 134, 149 (3d Cir. 2012). "The 'dual sovereignty' doctrine rests on the premise that, where both sovereigns legitimately claim a strong interest in penalizing the same behavior, they have concurrent jurisdiction to vindicate those interests and neither need yield to the other." *United States v. Pungitore*, 910 F.2d 1084, 1105 (3d Cir. 1990).[2] The dual sovereignty doctrine applies here, and Petitioner's federal conspiracy conviction does not violate the Double Jeopardy Clause.

---

[2] While the Third Circuit has "expressed dissatisfaction" with the dual sovereignty doctrine, *see United States v. Wilson*, 413 F.3d 382, 389 (3d Cir. 2005), it recognizes Supreme Court precedent, which holds that there is no double jeopardy bar to prosecution of the same crime in both the federal and state systems. *Id*. at 389-90.

### B.    Claim of Counsel's Ineffectiveness for Not Filing an Appeal

In his R&R, Magistrate Judge Seibert suggested that the § 2255 statute of limitations may be tolled if Petitioner can demonstrate that his trial counsel refused to file an appeal on his behalf, and that trial counsel's performance was unreasonable.  Respectfully, the Magistrate Judge's *in dicta* observation ignores the fact that Petitioner expressly waived his right to appeal when he entered into the plea agreement.  The guilty plea colloquy in the matter was extensive.  Petitioner advised the Court that he had discussed the matter fully with his attorney and that he was satisfied with his attorney's representation.  Petitioner further advised the Court that he was knowingly and voluntarily waiving his right to appeal or collaterally attack his conviction and sentence.  The Guilty Plea Agreement that he signed provided as follows:

> In exchange for the undertakings made by the government in entering this plea agreement, the defendant *voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction*, sentence, or any other matter relating to this prosecution, whether such right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.  This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived.
>
> (a) Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.
>
> (b) If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only a claim that the sentencing judge, having accepted this plea agreement, exceeded the 15 year sentence contemplated by the plea.

(Plea Agmt. ¶ 8 (emphasis added).)  Petitioner advised the Court that he had read this provision, had discussed it with his attorney, and understood it.

In addition, Paragraph 10 of the Plea Agreement states that "[t]he defendant is satisfied with the legal representation provided by the defendant's lawyer; the defendant and this lawyer *have fully discussed this plea agreement*; and the defendant is agreeing to plead guilty because

6

the defendant admits that he is guilty." (*Id*. ¶ 10 (emphasis added).)  The Plea Agreement is signed by Petitioner, his counsel, Christian Hoey, and counsel for the Government.

In his Plea Agreement, Petitioner broadly waived his appellate rights subject to two limited exceptions, neither of which apply here.  The Third Circuit has held that criminal defendants may waive the right to appeal provided the waiver is entered into "voluntarily and with knowledge of [its] nature and consequences."  *United States v. Mabry*, 536 F.3d 231, 236-37 (3d Cir. 2008).  If the waiver is entered into voluntarily and knowingly, it is valid and enforceable unless enforcement would result in a miscarriage of justice.  *Id*. at 244; *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001).

Petitioner does not dispute that he knowingly and voluntarily entered into the Plea Agreement.  He does not allege that he did not understand what rights he was relinquishing or the terms of the agreement.  Nor does Petitioner claim that he was coerced into entering into the Plea Agreement.  Finally, Petitioner does not contend that his counsel failed to explain the Plea Agreement to him, or failed to explain the repercussions of entering into the agreement.

The record demonstrates that Petitioner gave up his rights to appeal or collaterally attack his conviction or sentence knowingly and voluntarily.  Accordingly, the waiver is enforceable and precludes Petitioner's claims that his counsel was ineffective for failing to file a notice of appeal, and that he was prevented from filing a timely collateral attack.  *United States v. Yasin*, No. 06-243, 2013 U.S. Dist. LEXIS 89052, at *11-12 (E.D. Pa. June 24, 2013) (holding that broad waiver of rights to appeal in plea agreement barred claim that counsel was ineffective for not filing a notice of appeal despite request from the petitioner).  There has been no miscarriage of justice here.  Petitioner's Motion is time-barred and will be dismissed.

7

C.	**Certificate of Appealability**

Under 28 U.S.C. § 2253, a defendant seeking a certificate of appealability must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner's claims are not viable since his Motion is time-barred, and in any event, it is meritless. No reasonable jurist could disagree with this assessment. Therefore, a certificate of appealability will not issue.

IV.	**CONCLUSION**

For the foregoing reasons, Petitioner's Motion will be denied, and a certificate of appealability will not issue.

An appropriate Order follows.

	BY THE COURT:

	_____
	**R. BARCLAY SURRICK, J.**