# THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :

    v.    :    CRIMINAL NO. 05-440-01

ALTON COLES    :

### GOVERNMENT'S RESPONSE IN OPPOSITION TO "CLAIMANT ALTON COLE'S MOTION TO DISMISS FOR WANT OF PROSECUTION" (ECF 1678)

On August 17, 2015, defendant Alton Coles filed a pro se motion entitled, "Claimant Alton Cole's Motion to Dismiss for Want of Prosecution" (ECF 1678). The government was not directed to and did not file a response at that time, and the motion remains pending. During the past week, the Court's clerk brought the matter to the attention of the undersigned. The government submits that the motion should be denied as frivolous.

The motion contends that the government sought "civil forfeiture" of various items of property but then did not pursue forfeiture in an appropriate hearing. But in fact, the government sought criminal forfeiture of this property in the fifth superseding indictment in this matter, and as Coles acknowledges, his counsel at trial agreed that the forfeiture issue may be resolved by the Court. The Court then entered orders of forfeiture and judgments specifically directing forfeiture of all of the items described in the indictment, including certain substitute assets. *See, e.g.*, ECF 1052 (preliminary order of

- 2 -

forfeiture, Feb. 23, 2009); 1088 (amended judgment, Apr. 23, 2009); 1296 (judgment and partial final order of forfeiture, June 29, 2010); 1588 (second amended judgment, Apr. 1, 2014).

Coles' motion specifically refers to a sum of $229,000 he states was seized from a bank in New Jersey after his trial. In fact, this Court specifically directed the forfeiture of this property. *See, e.g.*, page 12 of the amended judgments.

Coles did not challenge these forfeiture orders on appeal, and no collateral challenge to this monetary portion of a criminal sentence is permitted. *United States v. Ross*, 801 F.3d 374, 380 (3d Cir. 2015) ("the monetary component of a sentence is not capable of satisfying the 'in custody' requirement of federal habeas statutes.").

- 3 -

In short, the government in fact prosecuted its forfeiture claims and obtained appropriate judgments. The time for a challenge to these orders has passed. Coles' motion to dismiss should be summarily denied.

Respectfully yours,

JACQUELINE C. ROMERO
United States Attorney


*/s Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney
Chief of Appeals


*/s Francis A. Weber*
FRANCIS A. WEBER
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this pleading has been served on the Filing User identified

below through the Electronic Case Filing (ECF) system:


Paul J. Hetznecker, Esq.
*Counsel for Alton Coles*


/s Francis A. Weber
FRANCIS A. WEBER
Assistant United States Attorney


Dated:  October 21, 2024.