IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :

   v.                                :          CRIMINAL NO. 05-440

ALTON COLES                       :

### GOVERNMENT'S RESENTENCING MEMORANDUM

On January 21, 2026, after a hearing, the Court granted defendant Alton Coles' motion to reduce his sentence of life plus five years' imprisonment pursuant to the First Step Act. (ECF No. 1992.) While the government firmly believes that the 18 U.S.C. § 3553(a) factors warrant the existing life plus five-year sentence, the government understands the Court's ruling and submits this memorandum to explain why a reduction to the current mandatory minimum term of 25 years – a sentence that would likely result in Coles' imminent release – would, when compared to the terms imposed on much lesser offenders, amount to a miscarriage of justice.[1] (ECF No. 1995.) Rather, any reduction of sentence should be to a term substantially in excess of 30 years (the sentence currently being served by Coles' top lieutenant, Timothy Baukman).

It is important to emphasize again that Coles' eligibility for resentencing under the First Step Act rests on a pure technicality that is completely divorced from his actual conduct. Coles was one of the major drug kingpins in Philadelphia during the past several decades. He led an armed and violent cocaine and crack distribution gang, which distributed quantities of deadly narcotics that Judge Surrick at sentencing aptly described as "staggering" – no less than 2,795

---

[1] The current mandatory minimum sentence is based on the conviction for Count 2 (21 U.S.C. § 848(a)), which carries a 20-year mandatory minimum, and for Count 68 (18 U.S.C. § 924(c)), which carries a 5-year mandatory minimum that runs consecutively. (ECF No. 1588.)

1

kilograms of cocaine and 300 kilograms of crack in the Philadelphia area, conservatively valued at $25,200,000. (ECF No. 1208 at 22; PSR ¶ 23.) Consistent with his kingpin status, Coles was convicted at trial of, among other counts, the kingpin provision of the Continuing Criminal Enterprise ("CCE") statute, 21 U.S.C. § 848(b), which at the time of sentencing and today provides for a mandatory life sentence. *See United States v. Chapman*, 500 U.S. 453, 467 (1991) (describing this as the "super-kingpin" statute).

At this time, Coles is deemed eligible for consideration for resentencing because of the change to crack cocaine penalties in the Fair Sentencing Act of 2010, made retroactive by Section 404 of the First Step Act of 2018.

Under the kingpin statute, 21 U.S.C. § 848(b), the mandatory life sentence applies where the defendant was "the principal administrator, organizer, or leader of the enterprise or is one of several such principal administrators, organizers, or leaders," and the crime "involved at least 300 times the quantity of a substance described in subsection 841(b)(1)(B) of this title."

At the time Coles was convicted, the quantities designated in Section 841(b)(1)(B) were 5 grams of crack and 500 grams of cocaine. That means the super-kingpin statute applied to a CCE leader who trafficked in at least 1.5 kilograms of crack or 150 kilograms of cocaine.

In the Fair Sentencing Act of 2010, the 841(b)(1)(B) crack threshold changed to 28 grams of crack, while the triggering quantity of cocaine remained at 500 grams. Thus, as of 2010, the super-kingpin statute would apply where the leader trafficked in at least 8.4 kilograms of crack or 150 kilograms of cocaine.

Based on the decision in *United States v. Jackson*, 964 F.3d 197 (3d Cir. 2020), Coles is eligible for consideration for a reduced sentence simply because he was originally charged with the 5-gram crack threshold for application of the kingpin statute (along with the 500-gram cocaine threshold), and the crack statutory penalty provision has now changed. But of course, the

2

5-gram reference had absolutely nothing to do with the actual facts of this case; it was pertinent only because that was the relevant statutory provision at the time of the indictment. If the case were charged today, the government in a heartbeat would charge and prove the new 28-gram threshold, and the multiplier that appears in Section 848(b).

That is to say, the current total threshold under Section 848(b) for application of the mandatory life sentence is 8.4 kilograms of crack and 150 kilograms of cocaine. As noted above, Coles' seven-year course of mayhem involved at least 300 kilograms of crack and 2,795 kilograms of cocaine – that is, 35.7 times the quantity of crack that currently triggers the mandatory life sentence, and 18.6 times the quantity of cocaine that independently produces the same result.

In other words, Coles is serving exactly the life sentence that Congress has dictated for his crimes *under current law*. Likewise, the applicable Sentencing Guidelines have not changed; they still suggest a life sentence.[2] As the government previously argued, reducing Coles' sentence produces an absurd windfall that is not available to any person who committed identical crimes after 2010 and was duly charged under the current statutory provisions. (*See* ECF No. 1886 at 17–21.) Accordingly, the severity of the defendant's crimes, as measured by the guidelines and 21 U.S.C. § 848(b), warrant a sentence well in excess of the 300-month mandatory minimum.

In *Jackson*, when declaring that eligibility rests only on the count of conviction, not actual conduct, the Third Circuit readily recognized that anomalies that may ensue, and made

---

[2] Specifically, Coles' base offense level today would be 38 based on the astonishing drug weight and he would receive offense level enhancements for the CCE conviction (4 levels), money laundering (2 levels), and obstructing justice (2 levels), for a total of 46 (although 43 is the highest offense level). He would still be in the highest criminal history category (VI). (*See also* ECF No. 1886 at 19–20 & n.7.) The advisory guideline sentence is still life imprisonment, plus five years for a 924(c) conviction.

clear that district courts have the power and are expected to avoid them. In short, *Jackson* stressed that courts should consider the actual quantity of narcotics in assessing whether a discretionary reduction in sentence is warranted. In addressing the government's argument that the interpretation adopted by the Court would create an unjustified disparity between those defendants charged before and after the Act, the Court stated: "While a defendant may be eligible for a reduction of sentence, district courts are under no obligation to provide relief. *See* § 404(b), (c), 132 Stat. at 5222. We are confident that district court judges will exercise their sound discretion in a way that avoids precipitating unfair disparities. Indeed, we expect that a district court, in exercising its discretion, will consider the actual quantity of drugs a defendant possessed." 964 F.3d at 204. This case, involving one of the largest drug traffickers ever prosecuted in this district, provides the paradigmatic case for application of the discretion described by the Third Circuit.

Other Section 3553(a) factors also warrant a sentence well in excess of the 300-month mandatory minimum. There is a tremendous need to deter others from choosing the path of Coles and becoming drug kingpins. In the government's view, a sentence anywhere near 300 months would not serve as adequate deterrence, as Coles was able to serve in his kingpin role for 7 years, while amassing significant wealth and status. For some, this may not be worth the risk. But for others, maybe it is, especially for those like Coles who become kingpins in their 20s and 30s and stand to be released from prison in their 40s or 50s.

A sentence of over 300 months would also comport with the 3553(a) factor of avoiding unwarranted sentencing disparities. Co-defendant Timothy Baukman, who was Coles' "right-hand man," is currently serving a sentence of 360 months' imprisonment. *United States v. Coles*, 558 F. App'x 173, 176 (3d Cir. 2014). Consistent with their leading roles in the enterprise, Coles and Baukman were the only two defendants charged with the CCE statute (Count Two), and both

were convicted at trial of this offense. (ECF No. 295 at 29–30.) Baukman received a 240-month sentence for the CCE conviction, along with consecutive 5-year sentences for other drug and firearm counts. (ECF No. 1347.) Coles should not receive a lower sentence than his "right-hand man"; to the contrary, he should receive a significantly higher sentence, as Judge Surrick originally imposed.

The sentence of co-defendant James Morris also does not provide a comparable benchmark. Notably, Morris was also originally sentenced to life imprisonment, but his sentence was reduced to 262 months.

The defense has relied on the testimony of Richard Lloret, the chief prosecutor in this case (and later a magistrate judge), at a post-conviction hearing regarding Morris. When asked where Morris ranked in terms of culpability, Lloret stated:

> Culpability above Coles. Morris had the connection in Mexico. Morris was providing drugs to Coles. Morris was obviously in their discussions the sort of senior guy, Coles was almost fawning when he talked to Morris on the phone. He was so happy to have Morris providing him drugs. And in terms of leadership, I don't think that Morris had particularly any kind of day-to-day connection with anybody beneath Coles, and that's not surprising. Why would he want to get involved in that kind of exposure to people who were running around and really had a high likelihood of getting caught at some point, given what they were doing. So that wasn't surprising. But he was on top of the pyramid.

(ECF No. 1769 at 57.) He added:

> [P]art of my thinking with Morris all along was that I was certainly not gonna offer him something that would undercut what Coles was facing. That just seemed ridiculous for a lot of reasons, several reasons, one of which was just plain fairness. I mean, as bad as Coles was, and as much damage as he did in Philadelphia, he was getting his cocaine from James Morris. And Morris had a connection in Mexico, it was obvious that he did. But it just seemed ludicrous to me to allow Morris to get a better deal than Coles was gonna get.

(*Id.* at 58-59.)

These statements may reflect Judge Lloret's personal view of culpability, but they do not in any way alter the fact that Morris was a supplier, while Coles was the undisputed head of the

criminal organization. An undisputed portion of the presentence report stated this. PSR ¶ 23. And so did the Third Circuit, which following its review of the consolidated appeals of Coles, Baukman, and Morris, stated:

> The evidence showed that Coles was the leader of an organization that processed, packaged, and distributed cocaine and cocaine base (crack), and Baukman was his right-hand man. Morris supplied Coles and Baukman with a significant amount of the cocaine that they distributed.

*Coles*, 558 F. App'x at 176.

Most notably, Coles and Baukman were convicted under the CCE statute. Morris was not. Therefore, unlike Coles, who (then and now) faced a guidelines range of life imprisonment, the advisory range for Morris at sentencing was 262 to 327 months. (ECF No. 1783, Ex. B & C.) Morris originally received a sentence of life imprisonment only because he was convicted of conspiracy at 841(b)(1)(A) quantities and had two prior drug felonies. (ECF No. 591.) Morris later filed a 2255 motion, which was granted by agreement of the parties after extensive litigation (based on ineffectiveness claims unrelated to Coles). By that time, Morris' guideline range was reduced to 210 to 262 months. (ECF No. 1783, Ex. B & C; ECF No. 1804.)  The parties agreed that they would recommend a sentence of between 262 to 300 months' imprisonment, which was an upward variance from his guideline range. (ECF No. 1803, 1804.)  This range was based on a drug weight of 150 kilograms of cocaine, which is consistent with the amount attributed to Morris in the PSR (¶ 78) and far less than the 2,795 kilograms of cocaine for which Coles was found to have trafficked (PSR ¶ 23). The government also agreed to file a Section 851 Information listing only one of his prior felony drug offenses. (ECF No. 1804, 1805.) Accordingly, unlike Coles, Morris presented litigable § 2255 issues, trafficked a fraction of

cocaine than Coles did, and was sentenced twice based on guidelines far lower than those applicable to Coles.[3]

To repeat, the mandatory statutory sentence today for Coles if he were charged under current law is life imprisonment. The advisory guideline range is life imprisonment. Morris' case, serious as it was, does not provide a relevant benchmark. Morris' conduct was serious and warranted a significant term of incarceration, which he received. The government nonetheless believes that Coles' liability (as reflected in the sentences previously given to him and his far higher guidelines range) is more serious because of his seven-year reign at the top of one of the largest drug trafficking organizations ever prosecuted in this district.

For these reasons, the government submits that the 18 U.S.C. § 3553(a) factors warrant a sentence significantly higher than the mandatory minimum term of 25 years, which is produced by technical application of the Fair Sentencing Act.

<div style="margin-left:50%">

Respectfully submitted,

DAVID METCALF
United States Attorney

*/s/ Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney
Chief of Appeals

*/s/ Francis A. Weber*
FRANCIS A. WEBER
Assistant United States Attorney

</div>

Date:   February 10, 2026

---

[3] Even if the government today charged Morris with his two prior drug convictions, the mandatory minimum under current law would be 25 years, not life, under the amendments to 21 U.S.C. § 841(b) in Section 401 of the First Step Act of 2018. In other words, an offender like Morris today would face, at most, only a guideline range of 210 to 262 months and a mandatory minimum of 300 months. In contrast, as stated above, Coles, due to his leadership of the organization, would still face a mandatory statutory term and recommended guideline term of life imprisonment. The view of Congress and the Sentencing Commission of the extreme severity of Coles' crimes is unassailable.

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the Government's Resentencing Memorandum was served

by ECF on the following defense counsel:

Paul J. Hetznecker, Esq.
phetznecker@aol.com


*/s/ Francis A. Weber*
FRANCIS A. WEBER
Assistant United States Attorney


Date:    February 10, 2026